UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

        Plaintiff,

vs.                                              Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant Joy Beauford's ("Beauford") Motion to Stay and Motion to Dismiss (Doc. Nos. 25 and 26)[1]. Plaintiff Geico Casualty Company ("Geico") has filed a response in opposition thereto (Doc. No. 27).

**I.**    **Factual Background and Procedural History**

On December 29, 2001, a vehicle owned and insured by Defendant Alicia Eugenia Arce ("Arce") was involved in an automobile accident in which Defendant Beauford, Shawn Edwards, and Deborah Monteiro were injured (Doc. No. 1, ¶5). At the time of the accident, Geico had entered into a contract of insurance (hereinafter "the policy") with Defendant Arce (Doc. No. 1, ¶6). Geico alleges that the policy has a $10,000.00 per person/$20,000.00 per occurrence limit for liability for bodily injury (Doc. No. 1, ¶6).

In April 2002, Geico settled the claim of Deborah Monteiro for $9,000.00 (Doc. No. 1, ¶8). On May 9, 2002, Geico settled the claim of Shawn Edwards for $5,000.00 (Doc. No. 1, ¶9).

---

[1] The Court notes that Doc. Nos. 25 and 26 are identical documents.

On May 9, 2002, Geico alleges it "made the remainder policy limits available to the remaining potential claimants in an attempt to settle all claims" (Doc. No. 1, ¶10).  On August 1, 2003, Defendant Beauford filed suit against Defendant Arce in state court (Doc. No. 1, ¶11).[2]  On August 8, 2003, Geico made the remainder of the policy limits in the amount of $6,000.00 available to Defendant Beauford in an attempt to settle all of her claims (Doc. No. 1, ¶12).  In February 2005, Defendant Beauford and Defendant Arce agreed to the entry of a judgment against Defendant Arce for $450,000.00 (Doc. No. 1, ¶13).  A judgment in the amount of $450,000.00 was entered in favor of Defendant Beauford against Defendant Arce in the state court proceeding ("the judgment")(Doc. No. 1, ¶14).  Geico alleges Defendant Beauford has stated an intent to make a demand against Geico to pay the judgment in full (Doc. No. 1, ¶17).  Geico denies it has any obligation under the policy to pay the judgment (Doc. No. 1, ¶18).

On April 12, 2005, Geico filed the instant complaint in this Court seeking declaratory relief (Doc. No. 1).  Specifically, Geico seeks a declaratory judgment that it "has no obligation to defend ARCE by virtue of exhausting its policy by payment of policy limits" and that it "has no duty to indemnify BEAUFORD for the judgment, interest, or attorney's fees."  Defendant Arce failed to respond to Geico's complaint and the Clerk entered default on June 23, 2005, as to Defendant Arce (Doc. No. 11).  On July 11, 2005, Defendant Beauford filed her answer to the complaint and a counter claim against Geico alleging Geico did not attempt in good faith to settle her claim arising from the accident (Doc. No. 12).  Specifically, Defendant Beauford

---

[2]In the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Civil Division (Case No. 03-7188)("state court proceeding")(Exhibit B).  When a plaintiff refers to documents in a complaint that are central to plaintiff's complaint, a court may consider the documents as part of the pleading for the purposes of a motion to dismiss.  See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

alleges that as a result of Geico's "failure to act in good faith, ARCE suffered actual damages including, but not limited to, the amount of the Final Judgment plus interest, which exceeds the limits of liability coverage" provided by Geico (Doc. No. 12, ¶19). Defendant Beauford alleges she has been equitably assigned Defendant Arce's claims against Geico (Doc. No. 12, ¶20).

**II.     Discussion**

Defendant Beauford now moves to stay or dismiss this case due to the fact that she filed a motion to reopen the state court case and set aside the judgment in the state court proceeding. Defendant Beauford contends that "it was the intention of BEAUFORD, ARCE and GEICO to enter into a Stipulation and Agreement (hereinafter referred to as the "AGREEMENT"), that fixed by way of consent judgment, the amount of damages ARCE was obligated to pay BEAUFORD ($450,000), in consideration of certain rights and obligations of all parties, including GEICO, that were to occur in the subsequent anticipated bad faith litigation against GEICO" (Doc. No. 25, ¶3). Defendant Beauford further states that the consent judgment was conditioned upon the parties entering into the Agreement. Defendant Beauford claims that prior to the execution of the Agreement by all parties counsel for Defendant Arce[3] had the state court judge enter the judgment ex parte, and, the Agreement was never executed by any of the parties or approved by the state court. On September 23, 2005, Defendant Beauford contends that she notified Defendant Arce that she declared the Agreement void ad initio and sought Defendant Arce's cooperation in setting aside the consent judgment and recommencing the state court proceeding.

---

[3] Counsel in the state court proceeding.

Defendant Beauford requests the Court stay this action pending resolution of her motion to reopen the case and set aside judgment in the state court proceeding because should the state court set aside the judgment and recommence the state court proceeding, the events that form the basis of Geico's complaint in this case will not longer exist.  However, on December 7, 2005, Geico filed a copy of an Order dated November 17, 2005, in which the state court judge denied Defendant Beauford's motion to reopen case and set aside judgment (Doc. No. 30).  Therefore, Defendant Beauford's basis for staying or dismissing this case no longer exists.

### III. Conclusion

Having considered Defendant Beauford's motion to stay and motion to dismiss and being otherwise fully advised,  it is **ORDERED AND ADJUDGED** that:

(1) Defendant Beauford's motion to stay (Doc. No. 25) is **DENIED AS MOOT**.

(2) Defendant Beauford's motion to dismiss (Doc. No. 26) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of February, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record