UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

        Plaintiff,

vs.                                                      Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court for consideration of Plaintiff Geico Casualty Company's ("Geico") motion for default judgment against Defendant Alicia Eugenia Arce ("Arce")(Doc. No. 24). The Clerk entered default as to Defendant Arce on June 23, 2005 (Doc. No. 11).

On September 19, 2005, this Court entered an Order requiring Geico to show cause why this action should not be dismissed against Defendant Arce for lack of prosecution since Geico had failed to promptly move for default judgment against Defendant Arce (Doc. No. 18). On September 22, 2006, Geico responded to the Court's Order and advised that counsel for the parties had been in communication "concerning the effect of the default on the rights of Defendant Beauford, if any, as well as the bad faith Counterclaim brought by Defendant Beauford against GEICO" (Doc. No. 20, ¶4)[1]. Notwithstanding, Defendant Beauford has not

---

[1] In her counter complaint, Defendant/Counter-Plaintiff Beauford alleges she has been equitably assigned Defendant Arce's claims against Geico (Doc. No. 12, ¶20).

filed any pleadings advising this Court why default judgment against Defendant Arce should not be entered. The Court notes that Geico has not requested a hearing with respect to the entry of default judgment against Defendant Acre and, given the distinct nature of the declaratory relief sought against Defendant Arce, the Court finds that a hearing is not necessary. See Fed. R. Civ. P. 55(b)(2)("If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.")

Having considered the motion, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** that Plaintiff Geico's motion for default judgment (Doc. No. 24) is **GRANTED**. The Clerk is directed to enter a declaratory judgment in favor of Geico, and against Defendant Arce, on Geico's prayer for declaratory relief that Geico has no obligation to defend Defendant Arce by virtue of exhausting its policy by payment of the policy limits.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of February, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record