UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GEICO CASUALTY COMPANY,**

    **Plaintiff,**

v.                                                Case No.: 8:05-CV-697-24EAJ

**JOY BEAUFORD and ALICIA
EUGENIA ARCE,**

    **Defendants.**

## ORDER

Before the court is **Beauford's Motion to Compel** (Dkt. 63) and **Beauford's Amended Supplemental Motion to Compel** (Dkt. 85).

A discovery hearing was held on these motions on July 25, 2006. Pursuant to Beauford's Motion to Compel and Amended Supplemental Motion to Compel, Joy Beauford ("Beauford") seeks an order requiring Geico to produce the claims files relating to a motor vehicle accident involving Geico's insured, Alicia Eugenia Arce ("Arce"). (Dkt. 63-2 at 3; Dkt. 85 at 3-4) During the hearing, Geico agreed to produce the remaining portions of its claim files to Beauford. At issue is the date of the "resolution of the underlying disputed matter."

Background

This case arises out of a December 29, 2001 automobile accident involving Arce and, among others, Beauford. Geico insured Arce with a personal automobile policy providing bodily injury limits of $10,000 per person and $20,000 per accident. (Dkt. 63 at 1) Beauford alleges that Geico failed to fairly settle Beauford's claim and, as a result, Beauford filed suit against Arce in state court. (Dkt. 26 at 1) Prior to trial in the state action, the parties were negotiating the execution of a stipulation and agreement as to certain matters (referred to as a "Cunningham Agreement") and the

entry of an excess judgment against Arce. However, the parties dispute whether the execution of the Cunningham Agreement was a condition precedent to the entry of a consent judgment.

Beauford contends that, pursuant to the terms of the Cunningham Agreement, Arce agreed to assign all her claims against Geico to Beauford and to the entry of a consent judgment against her in the amount of $450,000. (Dkt. 26 at 2) In consideration of the assignment of Arce's claims, Beauford alleges she agreed not to record the consent judgment against Arce. Although the Cunningham Agreement was not executed, Beauford asserts that Arce's then attorney, Raymond A. Haas ("Mr. Haas"), forwarded the consent judgment to the state court for entry of judgment. When Beauford moved to set aside the consent judgment, Mr. Haas opposed her motion. The state court denied the motion to set aside the consent judgment on November 10, 2005.

Geico argues that, although the parties were negotiating the terms of a Cunningham Agreement, the execution of the agreement was not a condition precedent to the entry of the consent judgment against Arce. (Dkt. 69 at 3) Moreover, Geico argues that the failure to execute the agreement was the result of Beauford's refusal to negotiate with Arce. (Id.)

Based upon the entry of the consent judgment against Arce, Geico filed the instant action seeking declaratory relief that it had no duty to defend Arce and no duty to indemnify Beauford for the consent judgment she obtained against Arce. (Dkt. 2) Beauford filed a counterclaim asserting a third-party bad faith action against Geico. (Dkt. 12)

Beauford's Motion to Compel

Geico argues that the underlying disputed matter was resolved on February 22, 2005, when the state court entered a consent judgment against Arce. Citing to Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121 (Fla. 2005), Geico contends it is not obligated to produce documents from the claim

2

files created after the entry of the consent judgment on February 22, 2005.

Although Beauford agrees with Beauford that Ruiz is controlling, she contends that the underlying disputed matter was not resolved until November 10, 2005, when the state court denied Beauford's motion to reopen the case and set aside the consent judgment. As such, Beauford asserts that Geico should produce all materials in the claims files that were created up to and including November 10, 2005.

Here, the threshold issue is the relevancy of the documents sought by Beauford.[1] Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P 26(b)(1). For good cause, the court may order discovery of any matter relevant documents involved in the action, subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Id.

The pertinent issue in bad faith actions is the manner in which an insurance company handled the suit including its consideration of the advice of counsel so as to discharge its mandated duty of good faith. Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121, 1129 (Fla. 2005). Because the Florida Legislature's mandate that insurance companies deal fairly and act in good faith with their insured, the Ruiz court held that it was illogical to deny insureds access to the very information, and often the only evidence, necessary to advance a bad faith claim. Id. at 1128-29. Thus, the court held that "all materials contained in the underlying claim and related litigation file material that was created up to

---

[1] For claim file materials prepared on, or before, the date of the entry of the consent judgement, Geico does not object to the production of these materials based upon the assertion of any privilege. In determining whether the requested documents are relevant to Beauford's bad faith action, Florida state court cases may be persuasive. However, in applying Ruiz, the undersigned is not receding from the holding in Auto Owners Ins. Co. v. Total Tape, Inc., 135 F.R.D. 199, 201-203 (M.D. Fla. 1990).

and including **the date of the resolution of the underlying disputed matter** and pertain in any way to coverage, benefits, liability, or damages" shall be produced in a bad faith action. Id. at 1130 (emphasis added). Materials prepared after the resolution of the underlying action and the initiation of the bad faith action may be subject to production upon a showing of good cause or pursuant to an order of the court following an in-camera inspection. Id; see also, Stone v. Travelers, Ins. Co., 326 So.2d 241, 243 (Fla. 3d DCA 1976)(materials in the file prepared between the time of judgment in the original action and institution of bad faith action are subject to production upon showing of good cause or court order following in-camera inspection) Dunn v. National Sec. Fire & Casualty Co., 631 So.2d 1103, 1109 (Fla. 5th DCA 1993)(additional memos or documents in the file after date of judgment can be obtained with a showing of good cause).

Based upon the information provided at the hearing, and in the parties' respective briefs and supporting materials, the undersigned finds the final determination of the underlying disputed matter occurred on February 22, 2005 notwithstanding the subsequent motion to reopen which was ultimately denied. Thus, Geico is required to produce the remaining portions of its claim files prepared up to and including February 22, 2005.

Furthermore, based upon the particular facts of this case, the court finds that the documents in the claims files that were prepared up to and including November 10, 2005 are relevant to the claims and defenses of the parties. However, the parties have not addressed the issue of whether good cause exists to require production of these documents. Therefore, the court will defer ruling on Beauford's motion to compel Geico to produce the remaining portions of its claim files created after the entry of the consent judgment on February 22, 2005. In the joint status report to be filed by the parties on or before August 8, 2006, the parties shall address the issue of whether good cause

exists to require the production of materials in Geico's claim files that were prepared during the pendency of the motion to reopen: up to and including November 10, 2005.

Accordingly, and upon consideration, it is **ORDERED** that:

(1)  Beauford's Motion to Compel is **GRANTED in part**; Geico shall produce the remaining portions of its claim files prepared up to and including February 22, 2005,

(2)  The court **DEFERS** ruling on Beauford's Motion to Compel Geico to produce the remaining portions of its claim files created after the entry of the consent judgment. The parties shall address in their status report the issue of whether good cause exists to require the production of materials in Geico's claims file that were prepared up to and including November 10, 2005.

**DONE AND ORDERED** in Tampa, Florida on this 2nd day of August, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge