## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GEICO CASUALTY COMPANY,**

    **Plaintiff,**

v.                                                                           **Case No.: 8:05-CV-697-24EAJ**

**JOY BEAUFORD and ALICIA EUGENIA ARCE,**

    **Defendants.**

### ORDER

Before the court are Beauford's Motion to Compel (Dkt. 63) and Beauford's Amended Supplemental Motion to Compel (Dkt. 85) as well as Geico's response to Beauford's motion and Geico's Motion for Protective Order (Dkts. 68 and 69).

During a discovery hearing held on August 9, 2006, the parties requested that the court review in camera a document to determine the relevancy of the document.[1] The document is part of Geico's claim activity log related to the claim of Alicia Eugenia Arce ("Arce"). This document reflects activity in January 2005 as to the bifurcation of the claims file. After an in camera review of the document, the court finds that this document is relevant. Moreover, the document was prepared prior to the entry of the consent judgment, and therefore, the court's prior order of August 3, 2006 (Dkt. 93) requires Geico to produce this document.

The only remaining issues are Beauford's Reframed Document Requests Nos. 6 and 7.[2] For

---

[1] The document was labeled Hearing Exhibit 1.

[2] To their credit, the parties have apparently been able to resolve all other disputes regarding the motion.

the reasons set forth at the hearing on August 9, 2006, the court denies Beauford's request for Geico's training materials provided by outside counsel as set forth in Request No. 6. Geico has apparently agreed to provide other training materials.

Pursuant to Request No. 7, Beauford seeks the following materials: (1) copies of Geico's quality control audits and surveys regarding the subject claims; (2) copies of Geico's quality control audits and surveys regarding bodily injury liability claims involving multiple competing claimants for the Florida office handling the subject claims; (3) copies of manuals and guidelines for audits and reviews of the subject claims; and, (4) Geico's claims handling quality criteria. Beauford limits Request No. 7 to the time period from December 1999 through November 2005.

Geico objects to the production of these documents based upon relevancy and the common law critical self-analysis privilege. (Dkt. 113) Beauford asserts that the requested documents are relevant to Beauford's bad faith claim and Geico's multiple claims handling. Furthermore, Beauford argues that, in Florida, privileges only exist by statute and that there is no Florida statute providing for a self-critical analysis. (Dkt. 112)

Based upon the facts of this particular case, the court finds that those quality control audits and surveys regarding the subject claims are relevant to the claims and defenses of the parties, whether part of the claims file or not. The undersigned also finds that the manuals and guidelines, as specified in amended Request No. 7, are relevant for discovery purposes in this situation. See Auto Owners Inc. Co. v. Totaltape, Inc., 135 F.R.D. 199, 203 n. 4 (manuals and guidelines for interpreting policy provisions are relevant to breach of contract counterclaim). However, Beauford has not demonstrated that Geico's audits and surveys of all other bodily injury liability claims involving multiple competing claimants handled by the Florida office are relevant to her bad faith

claim.  See Collins v. J.C. Penney Life Ins. Co., 2003 U.S. Dist. LEXIS 8455 at *15-19 (S.D. Cal. May 6, 2003)(allegation of bad faith by insurer, standing alone, is not adequate to overcome objection to the discovery of thousands of other claims handled by insurer).  Beauford acknowledges that she is not seeking the audits of other claims to establish similar past misconduct or "prior bad acts" by Geico.  Indeed, Beauford fails to establish how the production of every audit and survey of other bodily injury liability claim handled by Geico over a six year period is relevant to her bad faith claim.  As to the request for Geico's "claim handling quality criteria," Beauford has failed to sufficiently identify the relevancy of the information at hand.   Accordingly, Beauford's request for "claim handling quality criteria" is denied.

Regarding Geico's objection to the production of the documents based upon the critical self-analysis privilege, Geico fails to cite a case recognizing a common law self-evaluative privilege involving a bad faith claim.  (Dkt. 113)  Moreover, the cases relied upon by Geico are distinguishable from the facts of this case.

For instance, in cases involving the production of medical peer review records, the documents were protected from discovery by a state statutory privilege or the requesting party failed to show exceptional need or extraordinary circumstances for the records.  See e.g. Dade County Medical Ass'n v. Hlis, 372 So.2d 117, 121 (Fla. 3rd DCA 1979)(failure to show exceptional need for records); HCA of Florida, Inc. v. Cooper, 475 So.2d 719 (Fla.1st DCA 1985)(same); Liberty Mutual Ins. Co. v. Wolfson, 773 So. 2d 1272, 1273 (Fla. 4th DCA 2000)(evidence from medical peer review process could not be used at trial because covered by statutory privilege). Significantly, the court in Dade County Medical Ass'n, expressly held that, in denying the production of the documents, it was not establishing a general common law privilege of non-disclosure based upon

3

self-evaluation. <u>Dade County Medical Ass'n</u>, 372 So. 2d at 121; <u>HCA of Florida</u>, 475 So. 2d at 719. Indeed, Florida courts have held that privileges exist only by statute. <u>Southern Bell Telephone & Telegraph Co. v. Beard</u>, 597 So. 2d 873, 876 n.4 (Fla. 1st DCA 1992).

Likewise, the other cases cited by Geico are inapposite from the instant case. In <u>Reichhold Chemicals, Inc. v. Textron, Inc.</u>, 157 F.R.D. 522, 526 (N.D. Fla. 1994) and <u>In Re Air Crash Near Cali, Columbia</u>, 959 F. Supp. 1529, 1530 (S.D. Fla. 1997), the courts recognized that a qualified critical self-analysis privilege covered documents assessing a company's compliance with environmental regulations and federal aviation regulations. In <u>Rasmussen v. South Florida Blood Services, Inc.</u>, 500 So. 2d 873 (Fla. 1987), the court denied access to the names and addresses of voluntary blood donors based upon public interest, right to privacy and policy concerns.

Even assuming a common law privilege was established in this case, the barest assertion of the privilege by Geico and the lack of an affidavit supporting such an assertion fails to meet Geico's burden to show that these documents are privileged.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Within seven (7) days of this order, Geico shall provide Beauford the information required by this order; the request to compel other documents is otherwise **DENIED**;

(2) Geico's Motion for Protective Order (Dkt. 68) is **DENIED** as moot in light of the court's other rulings and the parties' resolution of issues raised in Beauford's Motion to Compel and Supplemental Motion to Compel.

4

**DONE and ORDERED** in Tampa, Florida on this 22nd day of August, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge