UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

     Plaintiff,

v.                                Case No.: 8:05-CV-697-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

     Defendants.

## ORDER

Before the court are Beauford's Amended Motion to Compel Witness, Raymond Haas, Esq., To Answer Deposition Questions (Dkt. 101); Raymond Haas' Response to Beauford's Amended Motion to Compel, Raymond Haas' Amended Motion for Protective Order, Evidentiary Hearing and/or Order to Show Cause (Dkt. 124); Raymond Haas' Amended Motion to Vacate, Modify and/or Reconsider Court's August 10, 2006 Order (Dkt. 122); Beauford's Response to Amended Motion for Protective Order (Dkt. 127); and Beauford's Response to Amended Motion to Vacate, Modify and/or Reconsider Court's August 10, 2006 Order (Dkt. 126).

## I.    PROCEDURAL BACKGROUND

### A.  Beauford's Amended Motion to Compel

During a deposition on July 24, 2006, Raymond A. Haas, Esq. ("Haas") declined to answer numerous questions, asserting objections based upon relevancy, attorney-client privilege and work-product. (Dkt. 101 at 3-22)   In addition, Geico counsel also objected to Haas answering questions regarding post-consent judgment communications between Haas and Geico based upon work-product privilege. (Dkt. 101 at 24)

Beauford filed an amended motion to compel Haas to answer deposition questions alleging that Haas failed to answer questions regarding the following topics: (1) whether Haas was a board certified member of the Florida Bar; (2) Haas' communications with Geico's employees or Geico's outside counsel concerning the claims of Alicia Eugenia Arce ("Arce") and Beauford; (3) Haas' communications with Geico employees or Geico's outside counsel concerning the proposed assignment and consent judgment entered against Arce; (4) Haas' identification of any conflicts of interest in his representation of Arce; (5) Haas' communications with Arce regarding Arce's claim, the assignment and the consent judgment; (6) Haas' communications with Geico employees concerning Geico's outside counsel and Haas' representation of Arce after the entry of the consent judgment; (7) whether Haas advised Arce to seek independent legal counsel to represent her interests in the federal suit; and (8) Haas' understanding of the effect of the motion to set aside the consent judgment.  (Id. at 3-22)

When Beauford initiated litigation against Arce in the underlying action, Geico provided Arce with defense counsel, Haas.  (Dkt. 101 at 1-2)  Beauford argues that Haas does not represent Geico, and therefore, may not assert attorney-client privilege regarding communications between Haas and Geico.  (Dkt. 101 at 23)  As to Haas' objections based upon attorney-client privilege between Haas and Arce, Beauford contends that Arce's newly retained attorney, George Vaka ("Vaka") will attend Haas' subsequent deposition.  (Id.)  At that time, Arce's newly retained attorney will advise Haas which communications, if any, Arce wishes to assert a privilege. (Id.)

Furthermore, Beauford alleges that she has good cause to overcome any work product privilege raised by Haas relating to communications between Haas and Geico, both predating and subsequent to the consent judgment, up until the time the court denied Beauford's motion to set

2

aside the consent judgment.  According to Beauford, these communications are at the center of this litigation because this information may determine whether Geico fulfilled its contractual and fiduciary duties with respect to Arce.  Beauford maintains that she has a substantial need for this information in order to determine whether Haas was representing the interest of Arce, or whether he was acting in the interest of Geico. Beauford alleges she cannot obtain this information by any other means. (Dkt. 101 at 24)

Finally, Beauford notes that, when a witness is instructed not to answer a question, even if based on a privilege, it is the duty of the attorney instructing the witness to seek a protective order. (Dkt. 101 at 24) Because no protective order was timely filed by Haas, Beauford alleges she exerted substantial time and resources bringing this motion and therefore, requests that the court award her attorney's fees and costs associated with filing the motion.  (Id. at 25)

B.      Haas' Amended Motion for Protective Order and Response to Amended Motion to Compel

In response to Beauford's amended motion to compel, Haas argues that Beauford has premised her motion to compel on inaccurate facts and misrepresentations of Haas's actions.  (Dkt. 124 at 2-4)  After setting forth a detailed account of the merits of the underlying tort action, Haas maintains that there is no basis to Beauford's accusations of an alleged conspiracy between Haas and Geico to further Geico's interests at the expense of Arce's interests.  (Id. at 2-11)  Therefore, Haas asserts that Beauford has not established good cause to compel him to answer questions asked at his deposition.  (Id. at 12)

Haas further alleges that Beauford's accusations regarding Haas's improper representation of Arce are unsubstantiated, irrelevant and would lead to inadmissible discovery.  (Id. at 12-13) As such, Haas contends that there is no need for the continuation of his deposition because it would

constitute a "fishing expedition" and requests the court to deny Beauford's amended motion to compel. (<u>Id</u>. at 12-13)

In addition, Haas seeks an order: (1) protecting him from having to appear for a continued deposition; (2) setting an evidentiary hearing for a full examination and consideration of relevant evidence related to the underlying tort action; (3)  directing Beauford to show cause for the factual assertions made in her amended motion to compel; and (4) awarding him reasonable attorney fees and costs.  (Dkt. 124 at 13-14)

C.     Beauford's Response to Haas' Amended Motion for Protective Order, Evidentiary Hearing and Order to Show Cause

In opposing Haas's motion for a protective order, Beauford points out that Haas ignores the arguments raised by Beauford in her amended motion to compel and instead  focuses on the merits of the claims and defenses in the underlying tort action.  (Dkt. 127 at 7) Beauford denies that her amended motion to compel is based any misrepresentations of facts.  (<u>Id.</u>) Additionally, Beauford asserts that she is not seeking a ruling on the merits of the underlying suit and reiterates that the information she requests is relevant to the claims and defenses of the parties.  (<u>Id</u>. at 18)  In sum, Beauford argues that the legal arguments in her prior memoranda and the present record support her position that good cause exists to require Haas to answer deposition questions.  (<u>Id</u>. at 18)

D.     Haas' Amended Motion to Vacate, Modify and/or Reconsider and For Evidentiary Hearing as to the Court's Order of August 10, 2006

By order of July 25, 2006, Haas was directed to produce the remaining documents on his privilege log to Vaka by July 28, 2006.  (Dkt. 88)  During a hearing on August 9, 2006, Vaka

advised the court that Haas had failed to produce136 documents listed on his privilege log.[1]  (Dkt. 132 at 63)  Thereafter, on August 10, 2006, the court instructed Haas to comply with the court's prior order and produce the remaining documents on his privilege log to Vaka by noon on August 11, 2006.  (Dkt. 108 at 1) The court also ordered Haas to file a notice with the court by 5:00 p.m. on August 11, 2006 listing the records produced by Bates number.  (Id.)

Haas requests an order vacating, modifying and/or reconsidering the court's order of August 10, 2006.  Haas argues that the court erroneously determined, without any evidentiary hearing, that Haas failed to produce documents as required by the court's order of July 25, 2006.  (Dkt. 122 at 1-2) In response, Beauford alleges that Haas provided all the documents to Vaka only after the court's August 10, 2006 order.  (Dkt. 127 at 6)  Plus, Beauford alleges that as a result of the court's order Vaka received additional materials not listed on the privilege logs and documents without Bates stamp numbers.  (Id.)

## II.    DISCUSSION

### A. Haas' Objections to Questions Based Upon Relevancy

Haas refused to answer questions about his credentials, including whether he is a board certified member of the Florida Bar, based on the ground that the information sought was irrelevant. During the deposition, Haas's attorney advised Beauford that Haas would move for a protective order on this basis.  (Dkt. 101 at 3-4)

---

[1] On July 27, 2006, Haas initially advised Vaka's office that he was only producing the 14 documents referenced by the Court and not all the documents on his privilege log.  (Dkts. 95-2, 95-3 and 132 at 52)  Significantly, the record indicates that the court expressly directed Haas to produce all the documents on his 14 page privilege log. (Dkts. 88 and 128, Ex.4 at 31) Further, during the August 9, 2006 hearing, Haas admitted that he did not know how many documents were on his privilege log, but nevertheless insisted that he provided all the documents to Vaka. (Dkt. 132 at 58-65)

Rule 30 is clear on the types of objections counsel may make and when counsel may instruct a deponent not to answer a questions. Fed. R. Civ. P. 30(d)(4). Counsel may instruct a deponent not to answer only under the following circumstances: (1) when necessary to preserve a privilege, (2) to enforce a limitation on evidence directed by the court, or (3) to protect a witness from an examination being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the deponent. Id.; Gober v. City of Leesburg, 197 F.R.D. 519, 520 (M.D. Fla. 2000). It is arguable whether objections based upon relevancy should even be made during depositions. Quantachrome Corp. v. Micromeritics Instruments Corp., 189 F.R.D. 697, 700 (S.D. Fla. 1999), see Fed. R. Civ. P. 32(d)(2)(A)(objections based on relevancy are not waived if not made during deposition). If counsel feels compelled to make a relevancy objection, the objection may be made for the record, but the deposition should continue with the testimony being taken subject to the objection. Id.; Fed. R. Civ. P. 30(c).

Generally, when a party objects to the relevance of a question at a deposition or instructs the witness not to answer, the party then moves for a protective order from the court so that the information will be protected. Gober, 197 F.R.D. at 521. For a protective order to be granted, a party must show the lack of relevancy of the discovery request. Id

Here, Haas argues that Beauford has not established that the information sought by Beauford is relevant to the underlying claim and therefore good cause has not been shown for his continued deposition. Contrary to Haas' assertion, Beauford does not bear the burden of proving that the information is relevant. Rather, the party resisting the production of the information bears the burden of establishing lack of relevancy, undue burden or existence of a privilege. Gober, 197 F.R.D. at 521; see also Benavides v. Velocity IQ, Inc., 2006 U.S. Dist. LEXIS 14777 *6 (M.D. Fla.

Mar. 15, 2006)(party resisting discovery has burden of showing requested discovery is not relevant). By merely disagreeing with Beauford's theories relating to the merits of the underlying suit, Haas has not demonstrated that the information sought is irrelevant.  Haas shall answer these questions at the continued deposition.[2]

      B.      <u>Haas' Objections to Questions Based Upon Attorney-Client Privilege</u>

When Beauford questioned Haas about communications between himself and Geico employees, including Geico in-house counsel and retained counsel, Haas invoked  attorney-client privilege and relevancy objections.  (Dkt. 101 at 6-22)

It is undisputed that Haas represented Arce, not Geico, in the underlying litigation.  Indeed, during a discovery hearing on July 25, 2006, Haas admitted that he did not have an attorney-client relationship with Geico.  (Dkt. 128, Ex. 4 at 22)  Accordingly, there is no merit to Haas' assertion of the attorney-client privilege regarding communications with Geico.  In addition, the court finds that Haas' communications with Geico employees regarding the underlying suit is relevant to Beauford's bad faith action.

As to Haas' assertions of attorney-client privilege regarding his communications with Arce, Arce has withdrawn any claim of privilege relating to documents produced by Haas, including documents on Haas' privilege log.  (Dkt. 116)  Furthermore, because Arce's attorney will attend Haas' continued deposition, he may assert attorney-client privilege on behalf of Arce, if appropriate.

---

[2]   As additional grounds for the continued deposition, Beauford notes that, after Haas's deposition, the court ordered Geico and Haas to produce documents to Beauford and Arce.  (Dkt. 127; <u>see</u> Dkts. 88, 91, 93, 108, 114 and 118)  Further, Beauford asserts that Haas has filed a 10 page errata sheet making multiple changes to his testimony.  (Dkt. 127 at 7; Dkt. 117)  The court finds that Beauford's request to question Haas regarding these documents and changes to his deposition testimony are sufficient grounds to continue Haas' deposition apart from his objections to the deposition questions addressed in this order.

Therefore, when asked about communications between himself and Arce, Haas is directed to answer the question if Arce does not assert the attorney-client privilege.

      C.      <u>Haas' Objections to Questions Based Upon Work Product</u>

Haas objected to numerous deposition questions based upon the work product privilege. Two types of work product are recognized under Rule 26(b)(3). Fact work product consists of "documents and tangible things . . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P 26(b)(3). The party seeking such discovery must show a "substantial need" and "undue hardship" in obtaining the materials or their substantial equivalent by other means. <u>Castle v. Sangamo Weston, Inc.</u>, 744 F.2d 1464, 1467 (11th Cir. 1984), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 837 F.2d 1550 (11th Cir. Fla.).

The work product doctrine also protects "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P 26(b)(3). While opinion work product is generally entitled to a higher degree of protection, such protection is not absolute and disclosure may be compelled in rare circumstances. <u>See</u> <u>generally</u> <u>Upjohn Co. v. United States,</u>449 U.S. 383, 401(1981). Federal courts have found the existence of such circumstances in the bad faith lawsuit context, where the information sought is directly at issue and the need for its production is compelling. <u>See</u> <u>Holmgren v. State Farm Mutual Ins. Co.</u>, 976 F. 2d 573, 577 (9th Cir. 1992) (bad faith insurance claim case-plaintiff allowed discovery of handwritten memoranda prepared by adjuster even though it qualified as opinion work product); <u>Cozort v. State Farm Mutual Auto Ins. Co.</u>, 233 F.R.D. 674, 676-77 (M.D. Fla. 2005)(exceptional circumstances justified discovery of mental impressions of counsel because they were directly at issue in bad faith insurance claim).

As a preliminary matter, the court will address the work product privilege asserted by Haas regarding communications between himself and Geico employees prior to, and including, November 17, 2005.[3]  Beauford argues that, if the court finds good cause to disclose information relating to Geico's claim file materials from February 22, 2005 through November 17, 2005, then Haas' communications with Geico employees during this period is also discoverable and not protected by the work-product privilege.  (Dkt. 101 at 24)  In fact, Beauford alleges that the parties have conferred and Geico will not object to Haas's testimony during this time frame if the court rules that there is good cause to disclose Geico claim information up to and including November 17, 2005.  (Id.)  Neither Haas or Geico contradict Beauford's report of an agreement on this issue.

By order of August 14, 2006, the court granted Beauford's motion to compel to the extent that Geico was required to produce documents in its claim files that were prepared up to and including November 17, 2005.  (Dkt. 114)  Thus, the court will grant  Beauford's motion to compel as to questions involving the same subject matter as documents produced from Haas' files up to and including November 17, 2005 and find good cause to do so based on the court's prior rulings.

Next, Beauford requests that the court order Haas to answer questions concerning Haas' communications with Geico employees after the entry of the consent judgment regardless of any assertion of work product privilege.[4]  Nevertheless, Beauford has failed to demonstrate a substantial

---

[3]  As noted in prior orders, the state court denied Beauford's motion to re-open the case and set aside the consent judgment on November 17, 2005.  (Dkts. 93 and 114)

[4]  Beauford asked Haas questions about his communications with Geico employees concerning Arce's claim, the proposed assignment, the consent judgment, whether Haas recommended that Geico retain outside counsel, the role of Geico's outside counsel, Haas' representation of Arce after the entry of the consent judgment, and whether Haas provided legal advice to Geico on the company's claim practice obligations.

need for this information.  The mere fact that the court previously determined that good cause existed to produce a portion of Geico's claim file does not satisfy the requirements of Fed. R. Civ. P. 26(b)(3).  Beauford's conclusory allegations concerning her need for this information does not overcome the work product privilege.  Nor is the court persuaded by Beauford's alleged inability to obtain the information by other means.  Indeed, Beauford has not established that she is unable to obtain the requested information by deposing Arce or Geico employees.  Likewise, Beauford has not shown exceptional circumstances to justify the disclosure of Haas' opinion work product related to the underlying suit.[5]

Thus, to the extent that Beauford requests that Haas divulge communications with Geico employees after November 17, 2005 that are protected by fact work product or opinion work product, Beauford's motion to compel is denied.

However, during the continued deposition, Haas may not assert work product privilege concerning underlying facts reflected in documents covered by the work product privilege.  United States v. Pepper's Steel & Alloy, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990)(deponent may not assert work product privilege merely because inquiry involves facts which are contained in document covered by work product privilege).   The work product privilege only protects documents and tangible things that might reveal the attorney's thought process, but it does not protect the underlying facts obtained through trial preparation.  Accordingly, Haas may testify to the facts he has learned,  the persons from whom he learned such facts, the existence or non-existence of

---

[5] Haas objected to Beauford's deposition inquiry regarding Haas' identification of conflicts of interests in his representation of Arce, his understanding of the legal effect of the consent judgment and his understanding as to why Arce accepted the consent judgment.  These inquiries squarely fall within the opinion work product doctrine which protect an attorney from disclosing his mental impression, opinions or legal theories.  See Fed. R. Civ. P. 26(b)(3).

documents, even though those documents may not be subject to discovery.  Id. at 699 (the work product privilege is not broad enough to prohibit all inquiry regarding information received by counsel, all information obtained after the institution of litigation, all information learned while working with counsel or all information learned while reviewing documents or having conversations in connection with the litigation).

Finally, Haas asserts that Beauford premised her amended motion to compel upon fabrications and misrepresentations and an evidentiary hearing is warranted to examine and consider the complete record in the underlying case.   (Dkt. 124 at 14)  Similarly, Haas requests an order requiring Beauford to show cause for factual assertions made in her amended motion to compel. (Id.)  Haas also argues that an evidentiary hearing is necessary because the court's prior orders give the appearance that the court has accepted the "conspiracy" theory alleged by Beauford.  (Dkt. 122 at 2)

There is no merit to Haas's position.  Based upon the allegations in Beauford's counterclaim as well as documents Beauford received during discovery, the court determined that Beauford established a substantial need for discovery related to her bad faith claim.   In granting Beauford's motion to compel, the court did not rule on the merits of Beauford's counterclaim.  Indeed,  as the court noted in a prior order, "It is not for the court to decide at this stage whether Beauford's allegations are true." (Dkt. 114 at 3)  Thus, the court denies Haas' request for an evidentiary hearing and an order to show cause.

    D.    Haas' Motion to Vacate, Modify and/or Reconsider the Court's Order of August 10, 2006

Haas requests that the court vacate, modify and/or reconsider the court's order of August 10, 2006 because the court erroneously determined that Haas did not comply with an earlier order to

produce the remaining documents on his privilege log.

In support of his motion, Haas filed the affidavit of Andrew J. Lewis ("Mr. Lewis"). According to Mr. Lewis, the documents in Haas files were separated into four categories: pleadings, correspondence, attorney's notes and the claim file. (Dkt. 122-3 at 2) Inexplicably, each of the four sets of documents were bates stamped beginning with the number 001. (Id.) As a result, "like Bates numbers were utilized in different categories of documents." (Id.) Moreover, the privilege log did not reflect the use of the same Bates stamp numbers on different categories of documents. (Id.) It was not until Mr. Lewis supervised the document production on August 10, 2006 and August 11, 2006, that he determined that there were four categories of documents, many with the same Bate stamp numbers. (Id. at 3)

When Haas filed a notice on August 11, 2006 advising the court that he produced all documents from his privilege log to Vaka, Haas neglected to provide the court with a list of the documents produced by Bates number. (Dkt. 109) Instead, Haas filed a letter to Vaka referencing copies of his privilege logs. (Dkt. 109-2) Furthermore, in his notice, Haas acknowledged that his prior privilege log contained numerous mistakes, specifically that documents were identified by the wrong Bate stamp numbers. (Id.)

After a review of the facts and arguments relating to the Haas' document production, the court finds that Haas has failed to establish that he provided Vaka all the documents on his privilege log to Vaka by July 28, 2006, particularly as there is no list of the documents Haas produced to Vaka on August 11, 2006. Moreover, the court notes that Haas initially advised Vaka that he was required to produce only 14 documents on his privilege log. The record also demonstrates that Haas conceded that he did not know how many documents were on his privilege log and that Haas

produced four sets of different documents, with some documents using the same Bate numbers.  In addition, Haas' office provided Vaka a privilege log listing documents by the wrong Bate stamp number.  Thus, in light of the confusion created by Haas' document production in this case, this court is not persuaded that its earlier order should be vacated, modified or reconsidered.

Accordingly, and upon consideration, it is **ORDERED** that:

(1)     Beauford's Amended Motion to Compel Witness, Raymond Haas to Answer Deposition Questions (Dkt. 101)  is **GRANTED** in part as provided in this order;

(2)     Raymond Haas' Amended Motion for Protective Order, Evidentiary Hearing and/or to Show Cause  (Dkt. 124)  is **GRANTED** in part and **DENIED** in part as provided in this order; and,

(3)     Raymond Haas Amended Motion to Vacate, Modify and/or Reconsider Court's August 10, 2006 Order (Dkt. 122) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 26th day of September, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

13