UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GEICO CASUALTY COMPANY,**

    **Plaintiff,**

v.                                                    Case No.: 8:05-CV-697-T-24EAJ

**JOY BEAUFORD and ALICIA EUGENIA ARCE,**

    **Defendants.**
_____/

**ORDER**

Before the court is **Geico's Motion to Compel Production of Documents and Request for In Camera Inspection** (Dkt. 139) filed on October 2, 2006 and **Beauford's Response to Motion to Compel** (Dkt. 151) filed on October 16, 2006.

Geico requests an order directing Beauford to provide two letters, from Beauford's former attorney, Larry Keys, Esq. ("Keys"), to Beauford. (Dkt. 139 at 2)  Geico argues that these letters, dated March 14, 2002 and March 25, 2002, should be produced because no attorney-client relationship existed between Keys and Beauford when Keys sent the letters. (Id.)  In addition, Geico argues that Beauford waived any privilege by failing to timely respond to Geico's document request. (Id. at 4)

Beauford argues the court should deny Geico's motion to compel because the letters Geico seeks were made in context of the original attorney-client relationship and in furtherance of that relationship.  In particular, Beauford contends that, after Beauford discharged Keys in February 2002, she retained a new attorney, William Merlin, Esq. ("Merlin"). (Dkt. 151 at1)  Further, Beauford asserts that Merlin sent Geico a letter of representation, which Geico received on or about

February 6, 2002. ( Id.)   Despite the notification that Beauford was represented by new counsel, Beauford alleges that Geico continued to correspond with Keys regarding Beauford's claim.[1]  After receiving correspondence from Geico, Keys sent two letters to Beauford. (Id. at 2)  In turn, Beauford forwarded Key's letters to Melvin.  Finally, Beauford argues that the privilege was not waived by the minor delay in responding to Geico's discovery request.[2]

**Discussion**

Rule 26(b)(1), Fed. R. Civ. P., defines the scope of discovery in civil cases, stating in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  The burden is on the party claiming the privilege to establish that each communication or document sought to be protected falls within the privilege protection. In re Grand Jury Investigation, 842 F.2d 1223, 1225 (11th Cir. 1987).

In civil actions, the privilege of a witness is determined by state law.  Fed. R. Evid. 501; see Burden v. Church of Scientology, 526 F. Supp. 44, 45 (M.D. Fla. 1981).  Under Florida law, the attorney-client privilege protects only confidential communications between a lawyer and client. Fla. Stat. § 90.502(1)(c).  A communication is confidential if it is not intended to be disclosed to third parties. Id.  The privilege applies where a confidential communication is made to an attorney with

---

[1] Beauford maintains that Geico apparently misplaced Merlin's letter of representation and continued to correspond with Keys after his discharge. (Dkt. 151 at 1)  According to Beauford, Geico's claim file materials include correspondence between Geico and Keys after Keys was discharged by Beauford.

[2] Geico served the discovery request in January 2006 and granted Beauford two extensions of time to provide the discovery responses. (Dkt. 139 at 1-2)  Beauford's discovery responses were due in April 2006; Beauford responded to Geico's discovery request on May 3, 2006. (Id.)  Beauford contends the delay in responding to the discovery request was due to the transfer of the files to another associate in the firm. (Id. at 5)

a view toward his employment, regardless of whether the attorney is retained, and it endures even after the attorney-client relationship terminates. See Hoyas v. State, 456 So.2d 1225, 1228 (Fla. DCA 3d 1984). A client is entitled to prevent a former attorney from divulging information that would violate the attorney-client privilege. Roberts v. Jardine, 366 So.2d 124, 126 (Fla. DCA 2d 1979).[3] The waiver of the attorney-client privilege is an extreme sanction and is reserved for cases of unjustifiable delay, inexcusable conduct or bad faith. USW v. Ivaco, Inc., 2003 U.S. Dist. LEXIS 10008 * 13 (N. D. Ga. Jan. 13, 2003).

In this case, Key's communications with Beauford were confidential and made in connection with his former representation of Beauford. Geico does not dispute that the letters are confidential. Furthermore, Beauford did not disclose the two letters to a third party, but rather shared them with her new counsel. Despite being advised that Beauford had retained new counsel, Geico continued to correspond with Keys regarding Beauford's claim. In light of the particular facts of this case, the court finds that Beauford may assert the attorney-client privilege to prevent the disclosure of these two letters. Additionally, Beauford has demonstrated good cause for the failure to respond to the timely to Geico's discovery request and Geico has failed to show that it has suffered any prejudice by the short delay in receiving the discovery response.

Thus, because the letters are protected by attorney-client privilege, Geico's motion to compel

---

[3] Geico's reliance upon Grassmueck v. Ogden Murphy Wallace, 213 F.R.D. 567, 571 (W.D. Wash. 2003) is unpersuasive. In that case, the court addressed the issue of whether a client, who was represented by counsel as an individual and as an agent of a corporation, could assert the attorney-client privilege after the attorney-client relationship ended. Id. The court ordered the disclosure of documents related to the attorney's corporate representation based upon waiver by the corporate receiver. Id. However, as to documents related to the attorney's personal representation of the client, the court required an in camera review of the documents to determine if the crime-fraud exception to the attorney-client privilege applied. Id. at 573.

is denied.  As such, there is no need to conduct an in <u>camera</u> review of the letters.

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     **Geico's Motion to Compel Production of Documents and Request for <u>In Camera</u> Inspection** (Dkt. 139) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 19th day of October, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge