## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GEICO CASUALTY COMPANY,**

    **Plaintiff,**

v.                                          **Case No.: 8:05-CV-697-24EAJ**

**JOY BEAUFORD and ALICIA EUGENIA ARCE,**

    **Defendants.**

### ORDER

Before the court is **Beauford's Motion to Compel Production of Claim File Notes and Request for In Camera Inspection** (Dkt. 134) and **Geico's Response to Beauford's Motion to Compel** (Dkt. 143).

On November 1, 2006, the parties filed a joint status report stating that the parties reached a resolution of all the items listed on Geico's amended privilege log with the exception of three entries. (Dkt. 164) Geico argues that the documents in dispute constitute work product because they deal with correspondence between the extra-contractual claims adjuster and a home office legal adviser. (Id. at 3) In contrast, Beauford maintains that the documents relate to the underlying liability file and the Geico employees were not acting solely in their capacity as adjusters or legal advisors for the extra-contractual claim. Although Beauford offered to accept redacted copies of the documents, specifically redacting any communications pertaining the instant federal action, Geico was not willing to provide redacted copies to Beauford. Geico asserts that these three documents were transmitted in the furtherance of the federal litigation. The parties requested that

the court review the three documents in camera.[1]

The first document at issue is a series of documents described as "Facsimile - Status letter containing pleadings from underlying Action" from Diana Garmon ("Garmon") to Helen Neighbors ("Neighbors"), dated October 18, 2005. (See Dkt. 164, Ex. A, Amended Privilege Log, GCL 004556). Attached to the fascimile is a document is a letter dated October 13, 2005 letter from Raymond Haas ("Haas"), former attorney to Alicia Eugenia Arce ("Arce"), to Garmon (GCL 004557-004558) as well as copies of pleadings (GCL 004559-004581). After review, the court concludes that none of the documents contain any Geico work product. Thus, Geico's work product objection is overruled and Geico shall produce the documents described as GCL 004556-GCL 004 581 to Beauford.

The second series of documents is described as a "Facsimile attaching correspondence in underlying action, and discussion of strategy with GEICO counsel" from Garmon to Neighbors dated September 28, 2005. (See Dkt. 164, Ex. A, Amended Privilege Log, GCL 004588-89). Attached to the transmittal is a September 8, 2005 letter from Haas to Beauford's counsel.

This document is not protected by work product, except for the "remarks" section, which reflects the mental impressions of a Geico representative. Pursuant to Fed. R. Civ. P. 26(b)(3), when a party is seeking discover of materials prepared in anticipation of litigation or trial, the court shall protect against the disclosure of mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. "The courts have steadfastly safeguarded against disclosures of lawyer's mental impressions and legal theories, as

---

[1] During the hearing on November 3, 2006, Geico provided a copy of the three documents to the court.

well as mental impressions and subjective evaluations of investigators and claim-agents. In enforcing this provision . . . the courts will sometimes find it necessary to order disclosure of a document but with portions deleted." <u>See</u> Advisory Committee Notes to Rule 26(b)(3). Consequently, Geico shall produce a redacted copy of this document to Beauford. Specifically, Geico shall redact the two sentences from the "remarks" section of the facsimile document CGL 004588 but shall disclose the remaining portion of that document as well as the letter described as CGL 004589 because those do not contain Geico work product.

The third series of documents is described as a "Facsimile - Status of Federal Action, attaching correspondence and pleadings from underlying action and Federal Action" from Garmon to Neighbors dated August 2, 2005. (<u>See</u> Dkt. 164, Ex. A, Amended Privilege Log, GCL 004603-GCL 004630) Attached to the transmittal is correspondence from Haas to Garmon, Garmon to Geico counsel, and Geico counsel to Garmon. After a review of the facsimile document (GCL 004603), the court finds that the "remarks" section on the transmittal sheet reflects the mental impressions of a Geico representative. Thus, Geico shall produce a redacted copy of the facsimile document (GCL 004603) to Beauford, redacting the six sentences in the "remarks" section but shall produce the remainder of the document as no work product is contained in the remaining portions of the documents.

In reference to the attached letter from Garmon to Geico's counsel (GCL 004604), this letter is protected by the work product privilege because it reflects Garmon's mental impressions. Finally, a letter from Geico's counsel to Garmon (GLC 004625) is protected by the work product privilege because the letter reflects the mental impressions and legal theories of Geico's counsel. Thus, with the exception of the "remarks" section in the transmittal sheet (GCL 004603), Garmon's letter to

Geico's counsel (GCL 004604) and a letter from Geico's counsel to Garmon (GCL 004625), the remaining documents are not privileged. Therefore, the remaining documents attached to the facsimile document, which consist of pleadings and correspondence from Haas, Geico's counsel and Beauford's counsel (GCL 004605-004624, 004626-004630), shall be produced to Beauford.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) **Beauford's Motion to Compel Production of Claim File Notes and Request for In Camera Inspection** is GRANTED to the extent provided in this order. Geico shall produce the required documents to Beauford within five days of the date of this order.

**DONE AND ORDERED** in Tampa, Florida on this 17th day of November, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge