UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

        Plaintiff,

vs.                                            Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant Beauford's Motion for Leave to Add A Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Plaintiff Geico Casualty Company (Doc. No. 138). Plaintiff Geico Casualty Company ("Geico") opposes the motion (Doc. No. 156).

**I.    Procedural Background**[1]

Geico alleges the following in its complaint (Doc. No. 1): On December 29, 2001, a vehicle owned and insured by Defendant Eugenia Arce ("Arce") was involved in an automobile accident in which Defendant Joy Beauford ("Beauford"), Shawn Edwards, and Deborah Monteiro were injured (Doc. No. 1, ¶5). At the time of the accident, Arce was insured by Geico. Geico alleges that Arce's policy had a $10,000.00 per person/$20,000.00 per occurrence bodily injury limit (Doc. No. 1, ¶6).

---

[1]The Court will not state the entire procedural background of this case here. Instead, this Court incorporates by reference the background and procedural history as outlined in this Court's Order on Defendant Alicia Eugenia Arce's motion for relief from judgment (Doc. No. 169).

In April 2002, Geico settled the claim of Deborah Monteiro for $9,000.00 (Doc. No. 1, ¶8). On May 9, 2002, Geico settled the claim of Shawn Edwards for $5,000.00 (Doc. No. 1, ¶9). On May 9, 2002, Geico alleges it "made the remainder policy limits available to the remaining potential claimants in an attempt to settle all claims" (Doc. No. 1, ¶10). On August 1, 2003, Beauford filed suit against Arce in state court (Doc. No. 1, ¶11).[2] On August 8, 2003, Geico made the remainder of the policy limits in the amount of $6,000.00 available to Beauford in an attempt to settle all of her claims (Doc. No. 1, ¶12). In February 2005, Beauford and Arce agreed to the entry of a judgment against Arce and a judgment in the amount of $450,000.00 was entered in favor of Beauford against Arce in the state court proceeding ("state court judgment")(Doc. No. 1,¶¶13 and 14 and Exhibit B thereto).

On April 12, 2005, Geico filed a complaint in this Court seeking declaratory relief against Beauford and Arce (Doc. No. 1). In the complaint Geico alleges Beauford has stated an intent to make a demand against Geico to pay the state court judgment in full (Doc. No. 1, ¶17). Geico denies it has any obligation under the policy to pay the state court judgment (Doc. No. 1, ¶18). Specifically, Geico seeks a declaratory judgment that it "has no obligation to defend ARCE by virtue of exhausting its policy by payment of policy limits" and that it "has no duty to indemnify BEAUFORD for the judgment, interest, or attorney's fees."

On July 11, 2005, Beauford filed her answer to the complaint and a counterclaim against Geico alleging Geico did not attempt in good faith to settle her claim arising from the accident (Doc. No. 12). Specifically, in her counterclaim Beauford alleges that as a result of Geico's

---

[2]In the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Civil Division (Case No. 03-7188)("state court proceeding").

failure to act in good faith, Arce suffered actual damages including, but not limited to, the amount of the state court judgment (Doc. No. 12, ¶19). Beauford further alleges she has been equitably assigned Arce's claims against Geico (Doc. No. 12, ¶20). Beauford now moves to amend her counterclaim.

## II.     Standard of Review

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III.    Discussion

Beauford seeks leave to amend her counterclaim to add a prayer for punitive damages and serve punitive damages discovery in accordance with Florida Statute § 768.72.[3] Beauford did not include a proposed amended counterclaim as an exhibit to her motion as required by Rule II-A of this Court's Administrative Procedures for Electronic Filing.[4] As grounds for the

---

[3] Beauford filed her motion to amend her counterclaim on September 29, 2006, one day prior to the discovery cutoff deadline of September 30, 2006. Although her motion is not titled as such, Beauford is also requesting that the "the time for discovery be extended to permit the requested punitive damages/financial worth discovery in the form of interrogatories and request for production to move forward."

[4] The Court's Administrative Procedures for Electronic Filing can be found on the Court's website (www.flmd..uscourts.gov) under "CM/ECF." The court may consider a party's failure to attach a copy of the proposed pleading as a factor in determining whether to grant leave to amend. See Davis v. U.S., 961 F.2d 53, 57 (5th Cir. 1991).

3

proposed amendment, Beauford argues in part that "the conduct of GEICO against the interests of its insured, as set forth in the proffered testimony of GEICO representatives and others is sufficiently egregious" so as to warrant allowing Beauford to amend her prayer for damages to include a specific request for punitive damages and permit her to serve punitive damages discovery.  In opposing Beauford's motion, Geico argues in part that the motion should be denied because Beauford's request for leave to amend her complaint is untimely and futile.

### A.     Undue Delay

On July 15, 2005, Beauford filed her counterclaim.  On September 20, 2005, the Court entered it Case Management and Scheduling Order ("CMSO")(Doc. No. 19).  Under the Local Rules of the Middle District of Florida, motions to amend pleadings are disfavored after the Court has entered its CMSO.  See Local Rule 3.05(c)(2)(E)(2006).

Geico argues that Beauford has "failed to provide this Court with any articulable justification as to why [Beauford] was unable to submit her statutory proffer of evidence as mandated by § 768.72 of the Florida Statutes at an earlier stage in this litigation."  However, the Court notes that this case has been fraught with discovery disputes which have impacted Beauford's ability to conduct discovery.  In fact, it appears from Geico's response to Beauford's motion that Beauford did not obtain requested portions of Geico's claims file until June 2006.  Therefore, upon consideration, the Court finds that Beauford's motion to amend her counterclaim to add a claim for punitive damages should not be denied on the basis of undue delay or bad faith.

### B.     Futility

In seeking to amend her counterclaim to add a claim for punitive damages, Beauford cites

to Florida Statute § 768.72. Florida Statute § 768.72 states in relevant part:

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.[5]
>
> (2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant . . . guilty of intentional misconduct or gross negligence . . ..

Geico responds that Florida Statue § 627.737(4) expressly precludes an award of punitive damages in third party bad faith actions against automobile insurers and, as such, Beauford's motion to amend should be denied on the ground of futility.

Florida Statute § 627.737(4) states:

> In any action brought against an automobile liability insurer for damages in excess of its policy limits, no claim for punitive damages shall be allowed.

In her counterclaim, Beauford has alleged a common law bad faith action against Geico (Doc. No. 12, ¶¶ 17 - 21) and is seeking damages in excess of Geico's policy limits. In <u>Edwards v. Safeguard Ins. Co.</u>, 323 F. Supp. 2d 1263 (M.D. Fla. 2004), the court considered the issue of

---

[5]The Eleventh Circuit has held that the pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages in his complaint or counterclaim. See <u>Cohen v. Office Depot, Inc.</u>, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000). However, the Eleventh Circuit has not directly addressed whether or not federal discovery rules preempt § 782.72's requirement that a party produce evidence or make a proffer of evidence that shows a reasonable basis for the punitive damages claim prior to allowing discovery of financial net worth information See <u>Porter v. Ogden, Newell & Welch</u>, 241 F.3d 1334, 1340 (11th Cir. 2001).

whether a third party could bring a common law bad faith action against an automobile liability insurer in excess of the insurer's policy limits. The court held that "[t]he plain language of § 627.737(4) precludes an award of punitive damages in 'any action' brought against an automobile liability insurer for damages in excess of its policy limits." Id. at 1264.

In Edwards, a motorist brought suit in a third party action for common law bad faith against an automobile liability insurer. The insurer moved to dismiss the motorist's claim for punitive damages on the basis that Florida Statute § 627.737(4) precluded the recovery of punitive damages in a common law third party bad faith action. The motorist argued that the insurer's motion to dismiss should be denied in that § 627.737(4) applied solely to the "Florida Motor Vehicle No-Fault Law" or, in the alternative, that the statute only applied to tort actions. The court found the motorist's arguments unpersuasive in light of the plain meaning of the statutory language as set forth in § 627.737(4). Similarly, this Court finds that Beauford's argument that she should be able to recover punitive damages unpersuasive and her motion to amend her counterclaim to add a prayer for punitive damages is denied on grounds of futility.

Since the Court has determined that Beauford is not entitle to seek punitive damages in the present case, this Court need not reach the issue of whether Beauford pled and proffered sufficient evidence to provide a reasonable basis to support a claim for punitive damages thereby permitting her to serve financial net worth discovery.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   Defendant Joy Beauford's motion for leave to add a prayer for punitive damages (Doc. No. 138) is **DENIED**.

(2)   Defendant Joy Beauford's motion for leave to serve punitive damages discovery

       (Doc. No. 138) is **DENIED**.

    (3)    Defendant Joy Beauford's motion for an extension of time to complete discovery for punitive damages (Doc. No. 138) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of December, 2006.

                                                       SUSAN C. BUCKLEW
                                                       United States District Judge

Copies to:

Counsel of Record