UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

        Plaintiff,

vs.                                          Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff Geico Casualty Company's ("Geico") Motion for Rehearing of Defendant Alicia Arce's Motion For Relief From Judgment And Motion For Reconsideration Of Order Granting Motion For Relief From Judgment (Doc. No. 174).  In this motion, Plaintiff asks the Court to reconsider its Order granting Defendant Alicia Eugenia Arce's ("Arce") motion for relief from judgment.  Arce filed a response in opposition thereto (Doc. No. 175).

There are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).  Geico does not assert that there has been an intervening change in controlling law.  Rather, Geico contends that reconsideration is necessary in light of newly available evidence and to correct clear error or to prevent manifest injustice.

Specifically, Geico states in its motion that "In its Order, this Court made several findings that meet the threshold of clearly erroneous based upon the introduction of additional evidence that has been made available since the time of filing of the Motion for Relief From Judgment."

Geico's motion largely reiterates arguments previously considered by this Court and attempts to refute the basis for the Court's earlier decision. "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999). As such, the Court finds that reconsideration is not warranted with respect to Geico's arguments that Arce has not demonstrated excusable neglect.

The Court will briefly address Geico's argument that based upon new evidence it can now establish that it "will be absolutely prejudiced if the Order setting aside the default judgment entered against ARCE is upheld." Specifically, Geico states that since July 3, 2006[1] Geico has expended over 850 hours and $67,951.43 in discovery related to its declaratory action and Defendant Joy Beauford's ("Beauford") bad faith counterclaim. Geico argues that since Arce has now filed a counterclaim alleging three distinct causes of action against it, the "newly available information confirms GEICO's prior presumption, and affirmatively shows that GEICO will have to 're-incur' similar or substantially similar costs and expenses in discovery to defend against ARCE's counterclaims and in furtherance of its declaratory action." In sum, Geico is complaining that it will suffer financial prejudice if the default judgment against Arce is set aside.

---

[1] This is the date on which Geico filed its response to Arce's motion for relief from judgment (Doc. No. 72).

Geico's attempts to "quantify the amount of time expended and costs incurred to engage in discovery, and motion practice related to discovery, with BEAUFORD" does not constitute new evidence for the purposes of a motion for reconsideration. Geico admits that this information became available through the passage of time between the filing of Geico's response to Arce's motion for relief from judgment and the entry of this Court's Order granting the same. Geico has not demonstrated that this information was previously unavailable. See Arthrex, Inc. v. Orthogen Aktiengsellschaft, a German Corp., 2006 WL 1805882, *3 (M.D. Fla. 2006)(citing Prieto v. Storer Commc'ns, Inc., 152 F.R.D. 654, 655 (M.D. Fla. 1994)(evidence available to a party during the pendency of a motion may not later be introduced on a motion for reconsideration)). Geico cannot now take information that was available to it during the pendency of Arce's motion for relief from judgment and use a motion for reconsideration as a means for a second bite of the apple.

Likewise, Geico's contention that it can now demonstrate prejudice since Arce has filed a three count counterclaim which Geico must defend against is not a reason for this Court to reconsider its Order setting aside the default judgment. In essence, Geico is still complaining that it will have to litigate this case on the merits as to Arce and undertake additional discovery expenses. This Court previously considered the possibility that if the default judgment were vacated Arce might file a counterclaim. The fact that Arce has now filed a three count counterclaim does not constitute new evidence or require reconsideration to correct clear error or prevent manifest injustice.

In sum, Geico has not put forth any new evidence or arguments which would cause this Court to reconsider its Order granting Arce's motion for relief from judgment (Doc. No. 169).

Accordingly, it is **ORDERED AND ADJUDGED** that Geico's Motion for Rehearing of Defendant Alicia Arce's Motion For Relief From Judgment And Motion For Reconsideration Of Order Granting Motion For Relief From Judgment (Doc. No. 174) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of December, 2006.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge