UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

        Plaintiff,

vs.                                         Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

        Defendants.
_____/

# **O R D E R**

This cause comes before the Court on Plaintiff Geico Casualty Company's ("GEICO") Motion to Dismiss Defendant Alicia Arce's Counterclaim (Doc. No. 177). Defendant Alicia Eugenia Arce ("Arce") filed a response in opposition (Doc. No. 183). The Court heard oral arguments on GEICO's motion at a pretrial conference held on January 5, 2007.

## **I.**    **Procedural Background**[1]

GEICO alleges the following in its complaint (Doc. No. 1): On December 29, 2001, a vehicle owned and insured by Arce was involved in an automobile accident in which Defendant Joy Beauford ("Beauford"), Shawn Edwards, and Deborah Monteiro were injured (Doc. No. 1, ¶5). At the time of the accident, Arce was insured by GEICO. Arce's policy had a $10,000.00 per person/$20,000.00 per occurrence bodily injury limit (Doc. No. 1, ¶6).

---

[1]The Court will not state the entire procedural background of this case here. Instead, this Court incorporates by reference the background and procedural history as outlined in this Court's Order on Defendant Arce's motion for relief from judgment (Doc. No. 169).

In April 2002, GEICO settled the claim of Deborah Monteiro for $9,000.00 (Doc. No. 1, ¶8). On May 9, 2002, GEICO settled the claim of Shawn Edwards for $5,000.00 (Doc. No. 1, ¶9). On May 9, 2002, GEICO alleges it "made the remainder policy limits available to the remaining potential claimants in an attempt to settle all claims" (Doc. No. 1, ¶10). On August 1, 2003, Beauford filed suit against Arce in state court (Doc. No. 1, ¶11).[2] On August 8, 2003, GEICO made the remainder of Arce's policy limits in the amount of $6,000.00 available to Beauford in an attempt to settle all of her claims (Doc. No. 1, ¶12). In February 2005, Beauford and Arce agreed to the entry of a judgment against Arce and a judgment in the amount of $450,000.00 was entered in favor of Beauford against Arce in the state court proceeding ("state court judgment")(Doc. No. 1, ¶¶13 and 14 and Exhibit B thereto).

On April 12, 2005, GEICO filed a complaint in this Court seeking declaratory relief against Beauford and Arce (Doc. No. 1). In the complaint, GEICO alleges Beauford has stated an intent to make a demand against GEICO to pay the state court judgment in full (Doc. No. 1, ¶17). GEICO denies it has any obligation under the policy to pay the state court judgment (Doc. No. 1, ¶18). Specifically, GEICO seeks a declaratory judgment that it "has no obligation to defend ARCE by virtue of exhausting its policy by payment of policy limits" and that it "has no duty to indemnify BEAUFORD for the judgment, interest, or attorney's fees."

**II.     Arce's Counterclaim**

On November 20, 2006, after this Court's Order granting Arce's motion for relief from judgment (Doc. No. 169), Arce filed her answer to the complaint and a counterclaim against

---

[2]In the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Civil Division (Case No. 03-7188)("state court proceeding").

GEICO (Doc. No. 173). The counterclaim alleges claims for bad faith (Count I), civil conspiracy for breach of fiduciary duty (Count II), and intentional infliction of emotional distress (Count III).

Specifically, Arce alleges the following in her counterclaim: GEICO failed to promptly and fairly settle Beauford's claim against Arce, which resulted in Beauford filing a law suit against Arce in state court and ultimately led to a consent judgment against her in the amount of $450,000.00 (Doc. No. 173, ¶¶10-12). The state court consent judgment of $450,000.00 exceeds the $10,000.00 per person limits under Arce's insurance policy and resulted in an excess judgment against Arce (Doc. No. 173, ¶ 13). GEICO hired Raymond A. Haas ("Haas") and the firm of Haas, Dutton, Blackburn, Lewis & Longley, P.L. ("the law firm") to represent Arce in the state court proceeding. However, at all times material thereto, Arce alleges that GEICO controlled the defense and the conduct of Haas and the law firm (Doc. No. 173, ¶11).

Arce further alleges that part of the reason she entered into the consent judgment with Beauford was financial protection in the form of Beauford's agreement that she would not execute upon any judgment in return for Arce's assignment to Beauford of her right to sue GEICO for bad faith (Doc. No. 173, ¶31). However, Arce alleges that notwithstanding her instructions to carry out the assignment, GEICO, Haas, and the law firm did not "effectuate" the assignment and Arce is left with an excess judgment of $450,000.00.

### III.    Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See <u>Murphy v. Federal Deposit Ins. Corp.</u>, 208 F.3d 959, 962 (11th Cir. 2000)(citing <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999)). A

complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). The Federal Rules of Civil Procedure have adopted this "simplified pleading" approach because of "the liberal opportunity for discovery and other pretrial procedures . . . to disclose more precisely the basis of both claim and defense." Conley, 355 U.S. at 48. The purpose of notice pleading is to reach a decision on the merits and to avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." Id.

**IV.    Discussion**

**A.    Count I - Bad Faith**

GEICO contends that Arce's claim for bad faith should be dismissed because Arce improperly attempts to bring a claim for "inadequate defense" under a theory of bad faith. Subsequently, during arguments on its to dismiss motion at the pretrial conference, GEICO clarified that it is seeking to have this Court require Arce to plead separately her claims for bad faith and inadequate defense.

Upon consideration, the Court denies GEICO's motion to dismiss Arce's claim for bad

faith. As plead, Count I of Arce's counterclaim adequately informs GEICO of the allegations against it and the Court finds it unnecessary to require Arce to separately plead these claims.

### B.    Count II - Civil Conspiracy for Breach of Fiduciary Duty

GEICO argues that Arce's claim for civil conspiracy for breach of fiduciary duty should be dismissed since it is barred by the economic loss rule. Specifically, GEICO asserts that the conduct alleged in Arce's civil conspiracy claim equates to nothing more than an attempt by Arce to restate her bad faith allegations to create an independent tort claim.

Arce responds that her counterclaim contains allegations that GEICO not only committed bad faith and/or otherwise breached the insurance policy, but also that GEICO conspired with Arce's assigned defense counsel by improperly interacting with and inappropriately instructing defense counsel to act against the interests of Arce -- in favor of GEICO. Arce goes on to argue that this conduct provides the basis for her claimed damages for emotional distress and/or mental anguish.[3]

"Pursuant to Florida law, the economic loss rule provides that 'parties to a contract can only seek tort damages if conduct occurs that establishes a tort distinguishable from or independent of [the] breach of contract." Royal Surplus Lines Ins. Co. v. Coachman Indus., Inc., 184 Fed. Appx. 894, 902 (11th Cir. 2006)(citations omitted)(holding tort action for breach of fiduciary duty precluded by the economic loss rule); see also Behrman v. Allstate, Ins. Co., 388 F. Supp. 2d 1346, 1349 n. 4 (S.D. Fla. 2005). "Thus, "[w]here the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not

---

[3]Which are contained in Count III.

cause harm distinct from that created by the breach of contract, a plaintiff is barred from bringing a separate tort action." Id. (citations omitted).

Arce's claims for bad faith and failure to provide an adequate defense in Count I are based upon the insurance policy between GEICO and Arce. The crux of Arce's claims is that GEICO breached its duties and obligations under the insurance policy which resulted in an excess judgment against Arce. Likewise, although plead in terms of a civil conspiracy between GEICO and Haas, Count II relates to whether GEICO acted in bad faith and Arce received an adequate defense. As such, the Court finds that the allegations contained in Arce's claim for civil conspiracy for breach of fiduciary duty are directly related to GEICO's responsibilities under the insurance contract. Arce has not alleged any facts to suggest the damages as a result of the alleged civil conspiracy are independent from any damages Arce might have suffered as a result of the bad faith claim in Count I. As such, the Court agrees with GEICO that Count II of Arce's counterclaim should be dismissed as barred by the economic loss rule.

### C.   Count III - Intentional Infliction of Emotional Distress

GEICO contends that Arce's intentional infliction of emotional distress claim should also be dismissed because it is barred by the economic loss rule and because Arce fails to allege sufficient facts to support a claim for intentional infliction of emotional distress.

Arce's claim for intentional infliction of emotional distress is based largely on the allegations that GEICO controlled her defense counsel and failed to provide explanations of its conduct to her in Spanish. This is the same conduct that is also the basis for Arce's claim that GEICO acted in bad faith and/or breached the insurance policy alleged in Count I of the counterclaim. The Florida Supreme Court has held that "[w]here a contract exists, a tort action

will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract." HTP, Ltd. v. Lineas Aeras Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1997). However, Arce has failed to demonstrate that her claim for intentional infliction of emotional distress is independent from the purported breach of contract. Therefore, Arce's tort claim for intentional infliction of emotional distress is barred by the economic loss rule.

However, even if this Court were to hold that the economic loss rule did not bar Arce's claim for intentional infliction of emotional distress, Arce has failed to plead alleged conduct which rises to the level of the outrageousness required in order to succeed on a claim of intentional infliction of emotional distress.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must show "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." Id. at 1499. While "there is no definitive example of what constitutes 'outrageous conduct,' . . . Florida case law on the subject has evinced a comparatively high standard." Id. Furthermore, the Florida Supreme Court has quoted the following explanation of outrageous conduct:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985)(quoting Restatement (Second) of Torts §46 (1965)).

Given the allegations in the counterclaim against GEICO and the difficulty of stating a

7

claim for intentional infliction of emotional distress in Florida, the Court finds that there is no possibility that Arce can establish a claim against GEICO for intentional infliction of emotional distress. See <u>Butchikas v. Travelers Indem. Co.</u>, 343 So.2d 816, 818-19 (Fla. 1976). Even considering the factual allegations in the light most favorable to Arce, GEICO's actions do not rise to the level of "outrageous," "extreme" or "atrocious" behavior.

Accordingly, it is **ORDERED AND ADJUDGED** that GEICO's Motion to Dismiss Defendant Alicia Arce's Counterclaim is **GRANTED IN PART, DENIED IN PART** as follows:

(1) GEICO's motion to dismiss Arce's claim for bad faith (Count I) is **DENIED**.

(2) Arce's claim for civil conspiracy for breach of fiduciary duty (Count II) is dismissed with prejudice.

(3) Arce's claim for intentional infliction of emotional distress (Count III) is dismissed with prejudice.

(4) GEICO shall have to and including February 23, 2007 to file its response to Arce's counterclaim.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of February, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record