UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

        Plaintiff,

vs.                                                      Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant Beauford's ("Beauford") Motion for Reconsideration of Order Denying Motion for Leave to Add a Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Plaintiff Geico Casualty Company (Doc. No. 191). In this motion, Defendant Beauford asks the Court to reconsider its December 21, 2006, Order denying Beauford leave to amend her counterclaim to add a prayer for punitive damages and serve punitive damages discovery. Plaintiff Geico Casualty Company ("GEICO") filed a response in opposition thereto (Doc. No. 196).

**I.**        **Standard of Review**

Beauford brings her motion pursuant to Federal Rule of Civil Procedure 59(e). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996)(quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)).

There are three "grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id. at 684 (citations omitted). However, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 685. Rule 59(e) is not "a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling. In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Id. at 686. (citation omitted); see also Scelta v. Delicatessen Support Services, Inc., 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

**II.     Discussion**

Upon review of Beauford's motion for reconsideration, the Court finds that it should be denied in that Beauford's arguments do not fall within the limited grounds outlined above. This Court rested its Order denying Beauford leave to add a claim for punitive damages largely on the case Edwards v. Safeguard Ins. Co., 323 F. Supp. 2d 1263 (M.D. Fla. 2004), which was cited by GEICO in its opposition to Beauford's motion for leave to amend (Doc. No. 156). In Edwards, the court considered the issue of whether a third party could bring a common law bad faith action against an automobile liability insurer in excess of the insurer's policy limits. The court held that "[t]he plain language of § 627.737(4) precludes an award of punitive damages in 'any action' brought against an automobile liability insurer for damages in excess of its policy limits." Id. at 1264. Beauford concedes that she is not asking the Court to revisit the issue of statutory interpretation. Rather, Beauford now contends that this Court should reconsider the denial of her motion for leave to amend based upon the unconstitutionality of Florida Statute §§ 627.730, *et*

*seq.*, known as the Florida Motor Vehicle No-Fault Law, as applied in this case.

A motion for reconsideration is not the proper avenue to raise for the first time the potential unconstitutionality of a statute.  Furthermore, Beauford cannot now take case law and arguments that were available to her during the pendency of her motion for leave to amend and use a motion for reconsideration as a means for a second bite of the apple.  In sum, Beauford has not put forth any intervening binding precedent or raised issues that would cause this Court to reconsider its Order denying Beauford leave to amend her counterclaim to add a prayer for punitive damages and serve punitive damages discovery (Doc. No. 182).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Beauford's Motion for Reconsideration of Order Denying Motion for Leave to Add a Prayer for Punitive Damages and Serve Punitive Damages Discovery Against Plaintiff Geico Casualty Company (Doc. No. 191) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of February, 2007.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge