UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

               Plaintiff,

vs.                                          Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

               Defendants.

_____/

**O R D E R**

This cause comes before the Court on Defendant Joy Beauford's ("Beauford") Renewed

Motion to Compel and For Leave to Take the Deposition of Helen Neighbors (Doc. No. 189) and

GEICO's Amended Response to Plaintiff Beauford's Motion to Compel and Motion For

Protective Order Regarding the Deposition of Helen Neighbors (Doc. No. 197).  Beauford filed a

response in opposition to GEICO's motion for protective order (Doc. No. 198).  The Court heard

oral arguments regarding the potential deposition of Helen Neighbors at a pretrial conference

held on January 5, 2007.

**I.**        **Background[1]**

Beauford is seeking to take the deposition of Helen Neighbors ("Neighbors") who is

employed by GEICO as a Claims Attorney in GEICO's home office located in Washington, D.C.

---

[1]The Court will not state the entire procedural and factual background of this case here. Instead, this Court incorporates by reference the background and procedural history as outlined in this Court's Orders on Defendant Alicia Eugenia Arce's ("Arce") motion for relief from judgment (Doc. No. 169) and Plaintiff Geico Casualty Company's ("GEICO") motion for summary judgment (Doc. No. 188).

On September 29, 2006, on the eve of the discovery cutoff date, Beauford filed a Motion For

Enlargement of Time and To Permit Additional Deposition and to Compel Deposition of Helen

Neighbors (Doc. No. 137).  On October 18, 2006, GEICO filed a Motion For Protective Order

Regarding the Deposition of Helen Neighbors and Opposition to Beauford's Request For An

Enlargement of Time (Doc. No. 154).  On November 3, 2006, Magistrate Judge Elizabeth A.

Jenkins held a hearing on these motions (Doc. No. 165).  During the hearing, Magistrate Judge

Jenkins deferred ruling on ordering the deposition of Neighbors until after this Court ruled on

GEICO's then pending motion for summary judgment.  Also on November 3, 2006, Magistrate

Judge Jenkins entered a written Order which denied without prejudice Beauford's motion for an

enlargement of time to take the deposition of Neighbors and stated:

> If the court denies Geico's motion for summary judgment and triable issues exist,
> Beauford may renew her motion to depose Neighbors.  In reference to Beauford's
> request to depose Neighbors, the court finds that Beauford was not put on notice
> of Neighbors' involvement with the extra-contractual claim file until late September
> 2006 and an extension may well be appropriate.

(Doc. No. 167).

On January 3, 2007, this Court entered in Order in which it denied GEICO's motion for

summary judgment and found that there were genuine issues of material fact with respect to

GEICO's handing of Beauford's claim against its insured Alicia Eugenia Arce (Doc. No. 188).

On January 5, 2007, this Court entered an Order in which it granted Defendant Alicia Eugenia

Arce's ("Arce") Motion to Continue Trial, Motion to Amend Case Management and Scheduling

Order, Motion to Reopen Discovery (Doc. No. 190).  As such, the issue of whether to permit the

deposition of Neighbors is once again before this Court.

**II.**     **Discussion**

GEICO requests that this Court enter an Order precluding Beauford from taking the deposition of Neighbors or, in the alternative, limiting the scope of the deposition and precluding any questions regarding Neighbors' involvement with the extra contractual liability claim and GEICO's claim for declaratory relief (Doc. No. 197, p. 3).  To the extent that Raymond A. Haas ("Haas"), Arce's former counsel had contact with Neighbors, GEICO does not object to Beauford questioning Neighbors about these communications (Doc. No. 197, p. 2).

GEICO alleges that on or about February 3, 2005, during the pendency of the state court proceeding,[2] the insurance claims file at issue in the present case was bifurcated and Neighbors was assigned as the Claims Attorney in the home office responsible for the handling of the extra contractual portion of the claims file.  GEICO further alleges that Neighbors' involvement solely related to monitoring the file for extra contractual liability and adjusting the file pertaining to the instant action for declaratory relief (Doc. No. 197, p. 2).  According to GEICO, Neighbors was not involved with the handling or the supervision of the "pre-suit claims adjusting" or the state court proceeding upon which Beauford's allegations of bad faith are based. GEICO argues that Neighbors' deposition testimony could relate only to her own mental impressions and thought processes, as well as that of outside legal counsel.  As such, GEICO contends that Neighbors' testimony is protected by the attorney-client and work product privileges.  GEICO further contends that the information sought by Beauford from Neighbors is not relevant to Beauford's

_____

[2]The Court notes that GEICO refers to the state court proceeding as the "underlying suit" while Beauford and Magistrate Judge Jenkins refer to the "underlying claim" and "underlying tort action" respectively.

bad faith allegation against GEICO and is not likely to lead to the discovery of admissible evidence.

Beauford disagrees with GEICO's description of Neighbors' limited role in the underlying state court proceeding.  In support of her position, Beauford relies in part upon the deposition of Diana Garmon ("Garmon").  Garmon is a GEICO claims adjuster in Lakeland, Florida who was the "bifurcated" claim handler (Doc. No. 131).[3]  According to Beauford, Garmon testified that she had absolutely no involvement in any of the activities or strategies surrounding the entry of the state court judgment, the assignment and covenant not to execute, or Beauford's motion to reopen the case and set aside judgment in the state court proceeding (Doc. No. 189, p. 6).  Garmon testified that her function was simply to pass information along to Neighbors and she identified Neighbors as the individual at GEICO who would have been assigned to handle these matters (Doc. No. 189, p. 6 (citing to Doc. No. 166, Garmon Depo., pp. 147-149)).

The Court finds that GEICO has not demonstrated good cause for the protective order that it seeks.  The record does not support GEICO's assertion that Neighbors' only involvement with the claims file was monitoring the file for extra contractual liability and adjusting the file pertaining to the filing of the instant action for declaratory relief.  GEICO's designation of Neighbors as the Claims Attorney handling the "bifurcated" claims file does not preclude Beauford from questioning Neighbors about her involvement with the underlying state court proceeding.  Therefore, this Court denies GEICO's motion for protective order and grants

---

[3]On September 11, 2006, Magistrate Judge Jenkins denied GEICO's motion for protective order to limit the testimony of Garmon and permitted Beauford to depose Garmon (Doc. No. 131).  Garmon was deposed on September 28, 2006 (Doc. No. 166).

Beauford's motion to compel and for leave to take the deposition of Neighbors.  At Neighbors' deposition, Beauford may question Neighbors regarding her involvement with the disputed claims file, including her actions and involvement concerning the underlying state court proceeding.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     Defendant Joy Beauford's Motion For Enlargement of Time and to Permit Additional Deposition and to Compel Deposition of Helen Neighbors (Doc. No. 137) is **DENIED AS MOOT**.

(2)     GEICO's Motion For Protective Order Regarding the Deposition of Helen Neighbors (Doc. No. 154) is **DENIED AS MOOT**.

(3)     Defendant Joy Beauford's Renewed Motion to Compel and For Leave to Take the Deposition of Helen Neighbors (Doc. No. 189) is **GRANTED**.

(4)     GEICO's Motion For Protective Order Regarding the Deposition of Helen Neighbors (Doc. No. 197) is **DENIED.**   Neighbors shall answer questions posed by Beauford and GEICO may assert question specific objections as appropriate.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of February, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

5