## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GEICO CASUALTY COMPANY,**

     Plaintiff,

vs.                                                  **Case No. 8:05-CV-697-T24-EAJ**

**JOY BEAUFORD and**
**ALICIA EUGENIA,**

     Defendants.

_____ /

### ORDER

Before the court is **Defendant Alicia Arce's Motion for Enlargement of Time to Complete Depositions and Compel Deposition of Steve Kalinsky** (Dkt. 220), **Geico's Motion for Protective Order to Prevent Deposition of T.R. Unice** (Dkt. 222), **Geico's Motion for Protective Order to Prevent Deposition of Peggy Thagard** (Dkt. 223), **Defendant Alicia Arce's Motion for Extension of Time for Discovery and Motion to Amend Case Management Order** (Dkt. 225), **Geico's Motion for Protective Order to Prevent Deposition of Steve Kalinsky** (Dkt. 226), **Defendant Alicia Arce's Motion for Protective Order Concerning Depositions of R. Gene Odom, Lennin Chamarro and Thomas Arce** (Dkt. 232), **Geico's Motion to Compel Rule 26 Disclosures from Alicia Arce** (Dkt. 234) and **Defendant Alicia Arce's Motion to Compel Testimony and Production of Claims File and Motion for Sanctions** (Dkt. 214) as well as the responses and other submissions in opposition.

Some of these motions were ripe when argument was heard on April 17, 2007. At that time, some issues were resolved and others were deferred pending responses filed after that date. For the

reasons set forth at the hearing, as well as consideration of the parties' arguments set forth in this order, the relief sought is granted in part and denied in part as set out below:

(1) **Defendant Alicia Arce's Motion for Enlargement of Time to Complete Depositions and Compel Deposition of Steve Kalinsky** (Dkt. 220) is **GRANTED in PART**.  The discovery cut-off date is extended until May 15, 2007, for the purpose so taking the depositions of Steve Kalinsky ("Kalinsky"), Peggy Thagard ("Thagard") and the corporate representative of Geico, as further addressed in this order.   Arce's Motion to Compel the Deposition of Steve Kalinksy is **GRANTED**.  Kalinsky's deposition is limited to three hours and to Kalinsky's knowledge of and involvement with the state action involving Beauford and Arce.

(2) **Geico's Motion for Protective Order to Prevent Deposition of T.R. Unice** (Dkt. 222), is **GRANTED**.  Geico asserts that T.R. Unice will be lead trial counsel.  After considering the parties' arguments, the court concludes that Arce has failed to demonstrate that  extraordinary reasons make it necessary  to depose Geico's lead trial counsel.

(3) **Geico's Motion for Protective Order to Prevent Deposition of Peggy Thagard** (Dkt. 223) is **DENIED** for failure to demonstrate good cause.  Thagard's deposition is limited to three hours, however.

(4) **Defendant Alicia Arce's Motion for Extension of Time for Discovery and Motion to Amend Case Management Order** (Dkt. 225) is **GRANTED in PART**.  The discovery cut-off date is extended to May 15, 2007 as set forth in paragraph (1) above as well as to take the deposition of  Geico's expert witness, Kathleen Maus, and for any other discovery specified   in this order.  All other deadlines remain the same as set forth in the Amended Case Management and Scheduling Order.  (Dkt. 190)

2

(5)  **Geico's Motion for Protective Order to Prevent Deposition of Steve Kalinsky** (Dkt. 226) is **DENIED**;

(6)  **Defendant Alicia Arce's Motion for Protective Order Concerning Depositions of R. Gene Odom, Lennin Chamarro and Thomas Arce** (Dkt. 232) is **GRANTED**.  Geico's notices of deposition of R. Gene Odom, Lennin Chamarro and Thomas Arce are untimely and no good cause has been shown to extend the discovery deadline as to these witnesses.

(7)  **Geico's Motion to Compel Rule 26 Disclosures from Alicia Arce** (Dkt. 234) is **DENIED** as **MOOT**.  On April 20, 2007, Arce served Geico with an Amended/Supplemental Initial Rule 26(a)(3) Disclosures.

(8)  **Defendant Alicia Arce's Motion to Compel Testimony and Production of Claims File and Motion for Sanctions** (Dkt. 214) is **GRANTED in PART and DENIED in PART.**

In response to Beauford's Request for Admission No. 12, Geico admitted that it "discussed with attorney Raymond A. Haas strategy for responding to Ms. Beauford's Motion to Reopen Case and Set Aside Judgment."  (Dkt. 214-2 at 2, 5)  Subsequently, Arce served Geico with an amended notice of taking a deposition pursuant to Rule 30(b)(6) requesting that Geico identify and produce for deposition a corporate representative most knowledgeable of "the discussions and/or strategizing with Ray Haas for responding to the Motion to reopen the case and set aside the Judgement filed by Joy Beauford, as referenced in Ms. Beauford's May 26, 2006, Request for Admissions to Geico and Geico's Response dated either June 22, or June 23, 2006."  (Dkt. 214 at 5)  Despite Geico's admission, Geico refuses to designate a corporate representative in response to Arce's amended

3

notice of deposition.[1]   Arce now seeks an order compelling Geico to designate a corporate representative.

Fed. R. Civ. P. 30(b)(6) places the burden of identifying a responsive witness on the corporation.  Voyeur v. City of Tampa, 8:99-cv-2180-T-24F, 2000 U.S. Dist. LEXIS 22593 at *2 (M.D. Fla. May 8, 2000).   A corporation cannot avoid answering questions by producing a corporate representative lacking corporate knowledge.  Id.  If a corporation or other entity fails to make a designation under Rule 30(b)(6), the discovering party may move for an order compelling designation.  Fed. R. Civ. P. 37(a)(2)(B).  An evasive or incomplete response is to be treated as a failure to disclose or respond.  Fed. R. Civ. P. 37(a)(3).  Moreover, if a party or person designated under Rule 30(b)(6) fails to obey an order to provide or permit discovery, a court may issue an order designating certain facts to be established in accordance with the claim of the party obtaining the order.  Fed. R. Civ. P. 37(b)(2)(A).

Here, Geico's responses to the Request for Admission No. 12 and the Amended Notice are difficult, if not impossible, to reconcile.[2]   In light of Geico's conflicting statements,  the court will permit   Geico  a  final  opportunity  to  designate  and  produce  a  knowledgeable  corporate representative.  Any evasive or incomplete responses by Geico's corporate representative may be

---

[1]  Specifically, Geico's counsel stated that "based upon our review of the materials available and discussions with our client, which we are not at liberty to disclose, we are still unable to identify for you any such individual currently employed with Geico responsive to your Amended Notice." (Dkt. 214 at 5-6)

[2]  Arce also served an interrogatory on Geico requesting the identity of any current or former Geico employee who strategized with Raymond Haas ("Haas")  concerning Beauford's motion to reopen the case and set aside the judgment.  (Dkt. 214 at 6)  In response, Geico asserted that Joshua West ("West"), a former Geico claim representative, may have discussed with Haas a strategy for responding to Beauford's motion to reopen the case and set aside the judgment.  (Dkt. 214 at 7) Notably, West denied any such conversation.  (Dkt. 214 at 7)

treated as a failure to comply with Arce's Amended Notice and this court's order. Accordingly, if Geico fails to produce a knowledgeable corporate representative in response to Arce's Amended Notice, then, at trial, Geico may be precluded from disputing that Geico discussed with Haas strategy for responding to Beauford's Motion to Reopen Case and Set Aside Judgment. See generally Rule 37(b)(2), Fed.R.Civ. P. Geico shall produce a corporate representative to testify regarding the matters set forth in the Rule 30(b)(6) amended notice within ten (10) days of this order.

In reference to Arce's motion to compel the production of documents from Geico's claim file, Arce asserts she is entitled to discovery of all documents in the claim file through all the times that Geico was providing a defense to Arce, up to and including Arce's post-judgment defense at her deposition in aid of execution on January 20, 2006. Arce seeks the claim file information based upon her bad faith claim, her claim of inadequate defense, and Geico's failure to identify a corporate representative.

Based upon the present record, Arce has failed to demonstrate good cause to produce the entire claim file up to the date of January 20, 2006. However, Arce has established good cause to produce certain categories of documents. An insurance contract gives rise not only to a duty to defend, but also a duty to adequately defend. Aaron v. Mickler, 559 So. 2d 275, 277 (4th DCA 1990). Where an insured alleges a failure to provide adequate defense by the insurer, certain categories of documents may be discovered despite the claims of attorney-client privilege and work product privilege. Liberty Mutual v. Kaufman, 885 So.2d 905, 909-910 (3rd DCA 2004). In Liberty Mutual, the court ordered the disclosure of any correspondence or communications between Liberty Mutual and the law firm hired to represent the insured concerning the insured and his case.

Id. 885 So.2d at 909.[3]  Furthermore, the court held that the fiduciary relationship between the parties compelled the production of "any notes, observations, or evaluations by representatives" of the insurance company concerning the legal work or performance by the law firm hired to represent the insured, during the time that the law firmed represented the insured.  Id. at 910.  While not binding on this court, the decision of the Florida appellate court is instructive on the issues presented in this case.

Accordingly, to the extent that Geico has not produced claim file documents reflecting correspondence or communications between Haas and Geico from November 17, 2005 to January 20, 2006 concerning Arce and Arce's case, Geico shall produce these documents.  In addition, Geico shall produce all notes, observations, or evaluations by representatives of Geico concerning the legal work or performance of Haas from November 17, 2005 to January 20, 2006.

These portions of the claims file shall be produced within ten (10) days of this order.

**DONE AND ORDERED** in Tampa, Florida on this 23rd  day of April, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[3]  However,  the court held that any communications between Liberty Mutual employees or agents and Liberty Mutual's in-house counsel were protected by attorney-client privilege.  Liberty Mutual, 885 So.2d at 909.