UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff,

v.                                                Case No.  8:05-cv-697-T-24-EAJ

JOY BEAUFORD and ALICIA
EUGENIA ARCE,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff Geico Casualty Company's ("Geico") Motion for Partial Summary Judgment (Doc. No. 252).  Defendant Joy Beauford ("Beauford") opposes this motion (Doc. No. 262).  Defendant Alicia Eugenia Arce ("Arce") also opposes this motion (Doc. No. 263).

**I.**    **Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case.  Id. at 325.  Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on

any claim. See id. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**II.     Background**

On December 29, 2001, a vehicle owned and insured by Arce was involved in an accident in which Beauford, Shawn Edwards ("Edwards"), and Deborah Monteiro ("Monteiro") were injured (Doc. No. 1, ¶5). At the time of the accident, Arce was insured by Geico (Doc. No. 1, ¶6). Arce's policy had a $10,000 per person/$20,000 per occurrence bodily injury limit (Doc. No. 1, ¶6). Arce's insurance policy stated in relevant part that "[w]e will defend any suit for damages payable under the terms of this policy" (Doc. No. 1, ¶15).

In April 2002, Geico settled the claim of Monteiro for $9,000.00, and on May 9, 2002, Geico settled the claim of Edwards for $5,000.00 (Doc. No. 1, ¶¶8 and 9). Geico and Beauford were unable to settle Beauford's claim, and on August 1, 2003, Beauford filed suit against Arce in state court (Doc. No. 1, ¶11).

On August 19, 2003, Geico retained Raymond A. Haas ("Haas") to defend Arce in the state court proceeding initiated by Beauford (Doc. No. 252, ¶8). In February of 2005, Beauford and Arce agreed to the entry of a judgment against Arce, and a stipulated judgment in the amount of $450,000.00 was entered in favor of Beauford and against Arce in the state court proceeding ("state court judgment") (Doc. No. 1, ¶¶13 and 14 and Exhibit B thereto). After the stipulated consent judgment was entered against Arce, Beauford moved to reopen the state court judgment, which the state court denied without prejudice on November 17, 2005 (Doc. No. 252, ¶11). On April 12, 2005 Geico filed its complaint in the instant action seeking declaratory relief against Beauford and Arce (Doc. No. 1). On July 11, 2005, Beauford filed her answer and counterclaim against Geico, alleging that Geico did not attempt in good faith to settle her claim (Doc. No. 12). On October 16, 2006, Geico filed a motion for summary judgment against Beauford seeking judgment as a matter of law that its actions were in accordance with its duty of good faith towards Arce with respect to the handling of Beauford's claim (Doc. No. 152). On January 1, 2007, the Court denied Geico's motion for summary judgment (Doc. No. 188).

On February 16, 2006, the Court entered a default judgment as to Arce (Doc. No. 32). On June 14, 2006, Arce filed a motion to set aside the default judgment (Doc. No. 65), and on November 8, 2006, the Court entered an order granting that motion (Doc. No. 169). On November 20, 2006, Arce filed her answer and counterclaim against Geico, alleging in part that

3

Geico did not attempt in good faith to settle Beauford's claim (Doc. No. 173).  On December 8, 2006, Geico filed a motion to dismiss Arce's counterclaim (Doc. No. 177), which the Court denied as to Count I for bad faith, granted as to Count II for civil conspiracy for breach of fiduciary duty, and granted as to Count III for intentional infliction of emotional distress (Doc. No. 200).  On May 1, 2007, Geico filed the instant motion for partial summary judgment.

### III.     Motion for Partial Summary Judgment

Geico is now seeking summary judgment as a matter of law that Beauford and Arce are precluded from pursuing a claim for bad faith against Geico founded on the provision of an inadequate defense.  Geico essentially argues that the sum of the evidence before the Court establishes that Geico provided Arce with an adequate defense, and as such, any action Beauford and Arce may have based on the outcome of the state court proceeding is a legal malpractice action to be asserted against Haas, not a bad faith claim against Geico.  In response, both Beauford and Arce argue that there are genuine issues of material fact with respect to whether Geico provided Arce with an adequate defense in the state court proceeding.  After reviewing Geico's motion for partial summary judgment, the responses, and supporting documents, the Court finds that there are genuine issues of material fact with respect to Geico's defense of Arce in the state court proceeding that preclude the Court from granting Geico's motion for partial summary judgment.

Accordingly, it is **ORDERED and ADJUDGED** that Geico's Motion for Partial Summary Judgment (Doc. No. 252) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of June, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5