UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff,

v.                                              Case No.  8:05-cv-697-T-24EAJ

JOY BEAUFORD and
ALICIA EUGENIA ARCE,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on the following motions by Plaintiff Geico Casualty Company ("Geico"): Motion *In Limine* to Exclude Evidence Regarding Alleged Conspiratorial Conduct (Doc. No. 291), Motions *In Limine* to Exclude Evidence of Personal Opinions Regarding Insurance Companies, Geico's Advertising, Payment of Insurance Premiums, and the Financial Positions of the Parties (Doc. No. 292), Motion *In Limine* to Exclude Evidence Regarding Necessity or Requirement for a Carrier to Conduct a "Global Settlement" Conference in a Competing Claims Situation (Doc. No. 293), Motion *In Limine* to Exclude Testimony by Nelson Guerra, Esq. (Doc. No. 294), Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Legal Ethics or Legal Malpractice (Doc. No. 296), Motion *In Limine* to Exclude Evidence Regarding William F. Merlin Jr.'s Prior Dealings with Geico (Doc. No. 298), Motion *In Limine* to Limit Number of Experts (Doc. No. 299), Motion *In Limine* to Preclude Evidence in Support of Punitive Damages (Doc. No. 300), and Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Her Theory of the "Setup of Good Faith for Geico at the Expense of Arce" (Doc. No. 301).

Defendants Joy Beauford ("Beauford") and Alicia Eugenia Arce ("Arce") (collectively "Defendants") have responded to each of these motions (Doc. No. 342, 344, 345, 346, 347, 339, 341, 343, and 348, respectively). Due to the quantity of motions, the Court will address each of them in turn.

I.     **Motion *In Limine* to Exclude Evidence Regarding Alleged Conspiratorial Conduct**

On February 15, 2007, Arce's claim for civil conspiracy was dismissed with prejudice (Doc. No. 200). Geico argues that because civil conspiracy is no longer a claim in the instant case, Defendants should not be permitted to introduce evidence relating to an alleged civil conspiracy. Defendants counter that the evidence Geico seeks to preclude is relevant to their claim of bad faith against Geico, and should not be excluded simply because it might also be related to the previous claim for civil conspiracy.

While the Court acknowledges that civil conspiracy is no longer a cause of action in the instant case, the evidence that Geico seeks to exclude is related not only to civil conspiracy, but also to the issue of bad faith. Defendants' claim of bad faith is still very much a cause of action in this case. The Court finds that because such evidence may also be related to the issue of bad faith, it cannot exclude any and all evidence related to an alleged civil conspiracy. Geico may make objections to specific evidence at trial. As such, Geico's Motion *In Limine* to Exclude Evidence Regarding Alleged Conspiratorial Conduct (Doc. No. 291) is DENIED.

II.    **Motions *In Limine* to Exclude Evidence of Personal Opinions Regarding Insurance Companies, Geico's Advertising, Payment of Insurance Premiums, and the Financial Positions of the Parties**

Geico moves to exclude evidence of the following: personal opinions regarding insurance companies, Geico's advertising, Arce's payment of insurance premiums, and the financial

2

positions of the parties. Geico argues that such evidence is irrelevant to the issues in the instant case and should be excluded. Defendants respond that Geico's motion is overbroad, and that Geico fails to show that the evidence it seeks to exclude is clearly inadmissible on all potential grounds. See Luce v. United States, 469 U.S 38, 41 (1984) (citing Fed. Rule Evid. 103(c)).

The Court agrees that the evidence Geico seeks to exclude is probably not relevant to the issues in this case. However, the Court finds that it should defer ruling on these Motions *In Limine* (Doc. No. 292) until trial.

**III.    Motion *In Limine* to Exclude Evidence Regarding Necessity or Requirement for a Carrier to Conduct a "Global Settlement" Conference in a Competing Claims Situation**

Geico argues that Defendants should be prohibited from proffering evidence, argument, or statements regarding the necessity or requirement for an insurer to conduct a "global settlement" conference in a competing claims situation. Defendants counter that, in order for Defendants to defend against Geico's affirmative defense that "under the totality of the circumstances, Beauford's unwillingness to settle did not afford Geico a realistic opportunity to settle within policy limits," they should be able to argue that wiser settlement practices necessitated holding a global settlement conference. Defendants contend that they must be entitled to introduce evidence, testimony, and/or argument that Geico had a reasonable and realistic opportunity to settle if it had at least made an effort to conduct a global settlement conference.

The Court agrees with Geico that there is no case law *requiring* an insurer to conduct a global settlement conference in a competing claims situation. However, the Court also notes that there is no case law stating that an insurer is not required to hold a global settlement conference

in competing claims situations. Florida case law states that an insurer has the discretion to reasonably determine how to best limit the insured's liability, and that whether the insurer could have minimized the insured's exposure to excess judgment through wiser settlement practices (such as a global settlement conference) is a question for the jury. See Gen. Sec. Nat'l Ins. Co. v. Marsh, 303 F. Supp. 1321, 1325 (M.D. Fla. 2004); see also Farinas v. Florida Farm Bureau General Ins. Co., 850 So. 2d 555, 560 (Fla. 4th DCA 2003).

The Court finds that Defendants should be permitted to introduce evidence, testimony, and/or argument that under the totality of the circumstances, it would have been a wiser settlement practice for Geico to have conducted a global settlement conference in order to limit Arce's exposure to an excess judgment. As such, Plaintiff's Motion *In Limine* to Exclude Evidence Regarding Necessity or Requirement for a Carrier to Conduct a "Global Settlement" Conference in a Competing Claims Situation (Doc. No. 293) is DENIED.

## IV.     Motion *In Limine* to Exclude Testimony by Nelson Guerra, Esq.

Geico moves to exclude testimony by Neslon Guerra, Esq. on the grounds that Mr. Guerra is not listed as a potential witness on Arce's initial or amended/supplemental Rule 26(a)(3) disclosures. Geico states that Arce did not announce that Mr. Guerra would serve as a witness until months after discovery ended, and therefore, Geico would be prejudiced if Mr. Guerra were permitted to testify because it has not had adequate time to prepare for Mr. Guerra's testimony. Mr. Guerra was the attorney Geico provided Arce to represent her at a deposition in aid of execution held on December 15, 2005. Defendants point out that various Court documents reference Mr. Guerra's involvement in the instant case (specifically, Doc. Nos. 65 and 169), and argue that it is disingenuous for Geico to claim surprise or prejudice when it has known about

Mr. Guerra's involvement in the case since December of 2005.

The Court determines that Geico has not demonstrated that it would be unfairly prejudiced by Mr. Guerra's testimony at trial, and that Geico did, in fact, have notice and knowledge of Mr. Guerra's involvement in this case well before discovery closed. Accordingly, Geico's Motion *In Limine* to Exclude Testimony by Nelson Guerra, Esq. (Doc. No. 294) is DENIED.

**V.     Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Legal Ethics or Legal Malpractice**

Geico requests that the Court preclude Carol Boyer Knight from testifying as an expert witness for Arce on the issues of legal ethics and/or legal malpractice. Geico argues that Ms. Knight is not qualified to testify as an expert on legal ethics or legal malpractice, and therefore, such evidence should be precluded. Geico contends that evidence of Ms. Knight's opinions on the issues of legal ethics and legal malpractices is irrelevant, and in the alternative, that its probative value is outweighed by the unfair prejudice, confusion of the issues, and the danger of misleading the jury. Defendants counter that Ms. Knight is not testifying as a legal expert, but rather as an insurance industry claims adjuster, manager, and extra-contractual liability specialist. Defendants point out that Ms. Knight has nearly thirty years training, experience, and knowledge in the handling of insurance claims. Defendants argue that Ms. Knight is qualified by virtue of her extensive education, training, and experience to testify as an expert in insurance bad faith in Florida and any related issue of claims adjuster handling.

Federal Rules of Evidence Rule 702 provides that a witness may qualify as an expert by knowledge, skill, experience, training, or education. The Court notes that a trial court's role as gatekeeper, as set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), is

5

not intended to serve as a replacement for the adversary system.  As the court in Daubert stated, "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 509 U.S. at 595.  Rejection of an expert's testimony is the exception rather than the rule, and the Court finds that Ms. Knight is qualified to testify in the area she is being proffered as an expert, namely as an insurance industry claims adjuster, manager, and extra-contractual liability specialist, by virtue of her extensive experience and training.  However, the Court also finds that Ms. Knight is not qualified as a legal expert, and cannot express a legal opinion in her testimony.  Therefore, Geico's Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Legal Ethics or Legal Malpractice (Doc. No. 296) is GRANTED IN PART AND DENIED IN PART.

**VI.    Motion *In Limine* to Exclude Evidence Regarding William F. Merlin Jr.'s Prior Dealings with Geico**

Geico moves the Court to preclude Defendants from proffering evidence, argument, or statements regarding William F. Merlin Jr.'s prior dealings with Geico.  Mr. Merlin was one of the attorneys that represented Beauford during the pre-suit phase of the underlying state court action.  His testimony is relevant to the allegations of bad faith regarding Geico's pre-suit claims handling, specifically the allegation that Geico failed to settle Beauford's claim when it could and should have done so under the totality of the circumstances.  Geico does not seek to exclude Mr. Merlin's testimony altogether, it only seeks to exclude evidence of Mr. Merlin's prior dealings with Geico.  Specifically, Geico seeks to exclude Mr. Merlin's testimony regarding a letter that Geico alleges to have sent to Mr. Merlin on May 9, 2002.  Mr. Merlin asserts that he never received such letter, and that he believes, based on his prior dealings with Geico, that

Geico may have made up and back-dated the letter.

The Court agrees that this evidence of Mr. Merlin's prior dealings with Geico is irrelevant and inadmissible. As such, the Court holds that Geico's Motion *In Limine* to Exclude Evidence Regarding William F. Merlin, Jr.'s Prior Dealings with Geico (Doc. No. 298) is GRANTED.

**VII.   Motion *In Limine* to Limit Number of Experts**

Geico argues that Defendants should be precluded from submitting cumulative or duplicative testimony from its expert witnesses. Defendants have stated that they intend to call three expert witnesses: Brian M. Farrell (an insurance industry expert), Michael Rywant (an experienced attorney in the area of insurance bad faith), and Carol Boyer Knight (an insurance industry expert). Geico contends that the testimonies of these experts are substantially overlapping and duplicative of one another, and that such cumulative testimony should be excluded under Rule 403 of the Federal Rules of Evidence.

The Court finds that because both Mr. Farrell and Ms. Knight are insurance industry experts, and because the testimony Defendants seek to proffer from them does appear to be cumulative, one of the insurance industry experts should be precluded from testifying. Defendants concede that they would be willing to eliminate Mr. Farrell as an expert witness and only call Ms. Knight and Mr. Rywant to testify at trial. At this time the Court is satisfied that the testimonies of Ms. Knight and Mr. Rywant do not appear to be cumulative or duplicative. Accordingly, the Court finds that Defendants may call Ms. Knight and Mr. Rywant as expert witnesses, but notes that if it later determines that such testimonies are in fact cumulative, the cumulative portions of their testimonies will be excluded. Geico's Motion *In Limine* to Limit

Number of Experts (Doc. No. 299) is therefore GRANTED IN PART AND DENIED IN PART.

**VIII.    Motion *In Limine* to Preclude Evidence in Support of Punitive Damages**

Geico requests that the Court preclude any evidence or testimony supporting the award of punitive damages. There is no claim for punitive damages in the instant case, and Geico argues that Defendants therefore should not be able to introduce evidence supporting an award for punitive damages in hopes of an inflated compensatory damages award. Specifically, Geico makes reference to the expert reports of Mr. Farrell, Mr. Rywant, and Ms. Knight, which characterize Geico's conduct as willful, wanton, and outrageous so as to support a claim for punitive damages. Defendants agree that, since the Court has previously denied Defendants' motions to add claims for punitive damages, testimony specifically addressing the standard for punitive damages is both unnecessary and excludable. The Court agrees. Accordingly, Geico's Motion *In Limine* to Preclude Evidence in Support of Punitive Damages (Doc. No. 300) is GRANTED to the extent that Defendants cannot offer evidence that is solely designed to support a punitive damages claim, such as the use of words like "wanton, willful, and outrageous."

**IX.    Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Her Theory of the "Setup of Good Faith For Geico at the Expense of Arce"**

Geico moves to preclude Carol Boyer Knight from testifying as an expert witness for Defendants about her theory of the "setup of good faith for Geico at Arce's expense," and also to preclude Ms. Knight from using the term "setup of good faith." Ms. Knight created a theory she calls the "setup of good faith for Geico at Arce's expense," which pertains to the conflict of interest issue that is part of the instant case. Geico states that Ms. Knight's theory of a setup of good faith is based on Ms. Knight's own opinions on legal ethics and legal malpractice. Geico

8

argues that Ms. Knight is not a legal expert and not qualified to testify on issues such as legal ethics and legal malpractice, that her testimony is unreliable and irrelevant, and therefore, her testimony regarding any setup of good faith regarding the conflict of interest issue should be excluded under Rule 702 of the Federal Rules of Evidence.  In the alternative, Geico argues that Ms. Knight's testimony should be excluded under Rule 403 of the Federal Rules of Evidence, because the prejudicial effect of her proposed testimony outweighs its probative value.

Defendants counter that Ms. Knight is not testifying as a legal expert, but as an insurance industry claims adjuster, manager, and extra-contractual liability specialist with nearly thirty years of training, experience, and knowledge in the handling of insurance claims.  Defendants argue that Ms. Knight should be permitted to testify as an expert on insurance bad faith in Florida, and also on any related issues of claims adjuster handling, including the duty of a claims adjuster to recognize and react to conflicts of interest in the tripartite relationship between the insurer, insured, and the insured's assigned defense counsel.  Defendants contend that the Court should allow Ms. Knight's testimony to be tested by the adversary process rather than exclude it from the jurors' considerations altogether, and the Court agrees.  As such, Geico's Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Her Theory of the "Setup of Good Faith for Geico at the Expense of Arce" (Doc. No. 301) is DENIED.  Geico may make objections to specific evidence at trial.

Upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Geico's Motion *In Limine* to Exclude Evidence Regarding Alleged Conspiratorial Conduct (Doc. No. 291) is **DENIED**;

(2) The Court defers ruling on Geico's Motion *In Limine* to Exclude Evidence of

Personal Opinions Regarding Insurance Companies, Geico's Advertising, Payment of Insurance Premiums, and the Financial Positions of the Parties (Doc. No. 292) until the time of trial;

(3) Geico's Motion *In Limine* to Exclude Evidence Regarding Necessity or Requirement for a Carrier to Conduct a "Global Settlement" Conference in a Competing Claims Situation (Doc. No. 293) is **DENIED**;

(4) Geico's Motion *In Limine* to Exclude Testimony by Nelson Guerra, Esq. (Doc. No. 294) is **DENIED**;

(5) Geico's Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Legal Ethics or Legal Malpractice (Doc. No. 296) is **GRANTED IN PART AND DENIED IN PART**;

(6) Geico's Motion *In Limine* to Exclude Evidence Regarding William F. Merlin Jr.'s Prior Dealings with Geico (Doc. No. 298) is **GRANTED**;

(7) Geico's Motion *In Limine* to Limit Number of Experts (Doc. No. 299) is **GRANTED IN PART AND DENIED IN PART**;

(8) Geico's Motion *In Limine* to Preclude Evidence in Support of Punitive Damages (Doc. No. 300) is **GRANTED**; and

(9) Geico's Motion *In Limine* to Preclude Carol Boyer Knight from Testifying as an Expert Witness Regarding Her Theory of the "Setup of Good Faith for Geico at the Expense of Arce" (Doc. No. 301) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of August, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record