UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff,

v.                                      Case No. 8:05-cv-697-T-24 EAJ

JOY BEAUFORD and ALICIA EUGENIA
ARCE,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the following motions by Defendants Joy Beauford ("Beauford") and Alicia Eugenia Arce ("Arce") (collectively "Defendants")[1]: Motion *In Limine* Regarding Argument by Geico as to the Conduct of Joy Beauford or her Tort Counsel (Doc. No. 303); Motion *In Limine* Regarding Current Non-Existence of an Assignment and Covenant Not to Execute (Doc. No. 305); Motion *In Limine* Regarding Argument by Geico as to the Value or Evaluation of the Claims of Deborah Monteiro and Shawn Edwards (Doc. No. 306); Motion to Realign the Parties and Set Order of Proof (Doc. No. 307); Motion *In Limine* Concerning the Inadmissibility of Communications Between Defendants and Their Attorneys (Doc. No. 309); Motion *In Limine* to Preclude the Parties, Their Attorneys and Witnesses at Trial from Informing Jury that Defendant Arce Has a Pending Malpractice Action Against Attorney Haas and his Firm in State Court (Doc. No. 311); Motion *In Limine* Concerning Geico's Demand that Defendant's

---

[1] The Court notes that some of the motions addressed herein were filed individually by Beauford, and others were filed individually by Arce. However, because both Beauford and Arce joined in the other's motions *in limine*, the Court addresses each motion as though it were filed by Defendants jointly.

Experts or Other Witnesses Identify All Documents Evidencing Geico's Bad Faith Conduct (Doc. No. 312); Motion *In Limine* Concerning Bankruptcy and Collectibility of the $450,000 Final Judgment Against Arce (Doc. No. 313); Motion *In Limine* to Prohibit Geico from Calling Any of Its Corporate Representatives to Testify at Trial (Doc. No. 314); and Motion *In Limine* to Declare Attorney Haas a Hostile and Adverse Witness at Trial (Doc. No. 315).  Plaintiff Geico Casualty Company ("Geico") has responded to each of these motions (Doc. Nos. 331, 323, 332, 322, 325, 333, 336, 335, 337, and 338, respectively).  Due to the quantity of motions, the Court will address each of them in turn.

### I. Motion *In Limine* Regarding Argument by Geico as to the Conduct of Joy Beauford or Her Tort Counsel

Defendants move to preclude Geico from eliciting testimony or making argument regarding the conduct of Beauford or her counsel in the underlying state court action, and then using such conduct as an excuse for its claim handling.  Geico responds that the conduct of Beauford and her counsel is relevant when the jury considers the totality of the circumstances, and Geico believes that such evidence will show that Beauford and her counsel precluded Geico from ever having the ability to fully investigate Beauford's claim, and also precluded Geico from ever having a reasonable opportunity to settle Beauford's claim prior to the underlying state court action.  The Court agrees with Geico that such evidence is relevant and that it will not confuse the jury or create a danger of unfair prejudice.  Accordingly, this motion (Doc. No. 303) is **DENIED**.

### II. Motion *In Limine* Regarding Current Non-Existence of an Assignment and Covenant Not to Execute

Defendants argue that Geico should be precluded from eliciting testimony or making

argument regarding the fact that Defendants have not, to date, entered into an assignment and covenant not to execute, despite the fact that they have had the ability to do so. Geico counters that such evidence is relevant to Defendants' claims against Geico regarding why an assignment and covenant not to execute was not entered into, and that it is also relevant to Geico's second affirmative defense of failure to mitigate damages. The Court agrees with Geico that such evidence is relevant and that it will not confuse the jury, nor is it unfairly prejudicial. Accordingly, the motion (Doc. No. 305) is **DENIED**.

### III.  Motion *In Limine* Regarding Argument by Geico as to the Value or Evaluation of the Claims of Deborah Monteiro and Shawn Edwards

Defendants request that the Court preclude Geico from eliciting testimony or opinions regarding the evaluation or value of the claims of the other claimants (Deborah Monteiro and Shawn Edwards) involved in the accident that gave rise to the underlying state court action, because Geico refused to turn over their medical records to Defendants. Geico contends that it could not provide Defendants with the other claimants' medical records, because they are protected under the Health Insurance Portability and Accountability Act ("HIPAA"), unless there is a court order or the claimants sign releases. Furthermore, Geico argues that the evidence that it intends to present at trial is not based on any confidential information that was not produced to Defendants, but rather is based on the non-confidential information and documentation that was produced to Defendants. The Court finds that as long as the evidence that Geico presents at trial is based on the non-confidential information and documentation that was produced to Defendants, this motion (Doc. No. 306) is **DENIED**.

### IV.  Motion to Realign the Parties and Set Order of Proof

Defendants move the Court to realign the parties in the instant case, such that Beauford

and Arce are considered the plaintiffs (and thus open the case and close it to the jury) and Geico is considered the defendant. Defendants make this motion because Geico's claims in this case are declaratory judgment claims, while Defendants' counterclaims require that they prove that Geico acted in bad faith. As such, Defendants contend that the major burden of proof in this action lies with them. Geico argues that realignment is not warranted here because Geico has the burden of proof on its declaratory judgment claims, and also because Geico is the one that commenced this lawsuit. The Court is not persuaded by Geico's argument. This case is based on competing views regarding Geico's duties and the appropriateness of Geico's actions. The Court therefore finds that realignment is appropriate, because, based on all of the claims in this case, it makes sense to consider Beauford and Arce as "plaintiffs" and Geico (who is defending its actions and claiming that it does not owe certain duties) as the "defendant." Accordingly, this motion (Doc. No. 307) is **GRANTED**. For purposes of the trial in this case, Beauford and Arce are the plaintiffs and Geico is the Defendant.

**V.**     **Motion *In Limine* Concerning the Inadmissibility of Communications Between Defendants and Their Attorneys**

Defendants seek to exclude all evidence of any communications between Co-Defendants Arce and/or Beauford and/or their counsel that occurred after Geico initiated the instant case. Defendants argue that such communications are protected by the joint defense privilege. Defendants state that under the joint defense privilege, "clients and their respective attorneys sharing common litigation interests may exchange information freely among themselves without fear that by their exchange they will forfeit the protection of the attorney-client privilege." Visual Scene, Inc. v. Pilkington Bros., 508 So. 2d 437, 440 (Fla. 3d DCA 1987). In particular, Defendants seek to use the joint defense privilege to exclude evidence of a December 22, 2005

letter from Beauford's attorney, Gene R. Odom, to Arce.

Geico argues that the joint defense privilege does not apply to the instant case for the following reasons: (1) there was no agreement between Beauford and Arce that their communications would be protected by the joint defense privilege; (2) the information at issue was not exchanged for the limited purpose of furthering the common interests of Beauford and Arce; and (3) there were not two attorneys involved in the communication, as required by Florida law, at the time of the December 22, 2005 communication.  The Court finds that Defendants' motion to exclude and evidence of all communications between Co-Defendants Arce and/or Beauford and/or their counsel that occcurred after Geico filed the instant case is too broad to be granted at this pre-trial stage, but that Defendants may make objections to specific evidence at trial.  As to the December 22, 2005 letter from Mr. Odom to Arce, the Court finds it appropriate to defer ruling on this motion until trial.  Accordingly, this motion (Doc. No. 309) is **DENIED WITHOUT PREJUDICE**.

**VI.** **Motion *In Limine* to Preclude the Parties, their Attorneys and Witnesses at Trial from Informing Jury that Defendant Arce has a Pending Malpractice Action Against Attorney Haas and His Firm in State Court**

Defendants request that the Court prevent the parties, their attorneys, and any witnesses from informing the jury that Arce currently has a malpractice action against Attorney Raymond Haas and his law firm pending in state court.  Defendants also argue that Geico should not be permitted to suggest to the jury that Arce should be seeking redress against Mr. Haas instead of Geico.  Defendants contend that such evidence is irrelevant, inflammatory, and highly prejudicial, and that even if such evidence is remotely relevant, the possibility of confusion and prejudice clearly outweighs any probative value.  In support of their motion, Defendants state

that Florida courts have recognized that any reference by Geico to other litigation filed by Arce is irrelevant and inadmissible, and cite to Williams v. Consol. City of Jacksonville, 2006 U.S. Dist. LEXIS 8257 (M.D. Fla. 2006); Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 921 So. 2d 43 (Fla. 3d DCA 2006); Colvin v. Williams, 564 So. 2d 1249 (Fla. 4th DCA 1990); and Zabner v. Howard Johnson's Inc., 227 So. 2d 543 (Fla. 4th DCA 1969).

Geico points out, and the Court agrees, that Defendants' reliance on Williams, Fixel, Colvin, and Zabner is completely misplaced. Those cases primarily held that the introduction of *prior* litigation by one party was irrelevant and not admissible for purposes of introducing evidence regarding the litigiousness or "bad motives" of another party to the current action. Geico states that it has no intention of introducing evidence of the *concurrent* legal malpractice action against Mr. Haas for any of the impermissible reasons set forth in the case law cited by Defendants. To the contrary, Geico seeks to introduce evidence of the concurrent legal malpractice action against Mr. Haas in support of its sixth affirmative defense that it is not liable for the acts or omissions of independent counsel retained to defend Arce in the underlying state court action, and also as a showing of the potential biases of Arce and Mr. Haas.

The Court finds that the evidence of Arce's concurrent legal malpractice action against Mr. Haas is relevant in the instant case. Such evidence pertains to one of Geico's affirmative defenses, to the potential bias of Arce, and also to the potential bias of Mr. Haas. The Court agrees with Geico that such evidence will not confuse the jury or create a danger of unfair prejudice. Accordingly, this motion (Doc. No. 311) is **DENIED**.

**VII.    Motion *In Limine* Concerning Geico's Demand that Defendants' Experts or Other Witnesses Identify All Documents Evidencing Geico's Bad Faith Conduct**

Defendants argue that Geico should not be permitted to request that Defendants' experts

and other witnesses identify for the jury all documents evidencing Geico's alleged bad faith conduct, in order to thereafter suggest to the jury that there are no other such documents or that the evidence identified by Defendants' witnesses is insufficient to support Defendants' claims against Geico. Defendants surmise that there are probably many documents in Geico's possession that evidence Geico's bad faith, but that Defendants have been unable to examine such documents because of Geico's refusal to produce them under claims of privilege. Defendants contend that Geico should not be permitted to withhold documents from Defendants and then argue that Defendants have failed to produce enough evidence to support their claims against Geico. Geico responds that "[o]n all documents that Geico has asserted a privilege, Defendants have either moved to compel the production of the documents, after which the Court upheld the privilege, or denied the privilege, in which case this Court's Order was respected and the documents produced; or, the Defendants have not sought to contest the privilege." Geico argues, and the Court agrees, that it should be allowed to fully examine Defendants' witnesses, including a detailed inquiry of all the documents they relied on in forming their opinions. Accordingly, this motion (Doc. No. 312) is **DENIED**.

### VIII. Motion *In Limine* Concerning Bankruptcy and Collectibility of the $450,000 Final Judgment Against Arce

Defendants seek to exclude evidence or argument that: (1) Arce has not suffered any damages because she could simply file bankruptcy to avoid the $450,000.00 judgment against her; (2) the $450,000.00 judgment is otherwise not collectible against Arce; and (3) any other suggestion that Geico should be exonerated for its bad faith conduct or failure to provide an adequate defense because there is "no harm, no foul," or that the judgment is merely a "paper judgment," since Arce has no money or assets. Defendants argue that such evidence is

irrelevant, will confuse the jury, and creates a danger of unfair prejudice.

Geico responds that if Defendants argue that Arce has no ability to relieve herself from the state court judgment, it should be permitted to clarify this issue for the jury by pointing out that Arce could declare bankruptcy and avoid liability for the state court judgment. Geico also argues that in order to defend Defendants' allegations of inadequate defense (specifically, that Arce was left unprotected by the entry of the stipulated judgment without an assignment and covenant not to execute), it should be permitted to introduce evidence on the collectibility of any judgment against Arce. Geico further contends that, in order to fully brief the jury on all of the settlement offers and counter-offers that were proposed by Arce and Beauford in the underlying state court action, it should be allowed to present evidence of Beauford's knowledge of Arce's lack of assets. The Court agrees with Geico, and finds that the fact that Arce may be judgment-proof is relevant to the issues in this case. As such, this motion (Doc. No. 313) is **DENIED WITHOUT PREJUDICE**, and Defendants may make objections to specific evidence at trial.

### IX.     Motion *In Limine* to Prohibit Geico from Calling Any of Its Corporate Representatives to Testify at Trial

Defendants move the Court to prohibit Geico from calling any of its corporate representatives (other than Carol Hambrick and Peggy Thagard) to testify at trial, because Geico failed to specifically identify any corporate representatives by name as required by Rule 26 of the Federal Rules of Civil Procedure. Geico counters that providing that a "corporate representative" may be called to testify at trial had the same effect of stating that the "corporate entity" may be called to testify, and therefore, that Geico has satisfied its Rule 26 disclosures. The Court disagrees. The Court finds that naming a general category such as "corporate

representative" is not a sufficient disclosure under Rule 26 of the Federal Rules of Civil Procedure. Accordingly, to the extent that Geico has not disclosed the specific name of the witness that will testify as its corporate representative, this motion (Doc. No. 314) is **GRANTED**.

**X.      Motion *In Limine* to Declare Attorney Haas a Hostile and Adverse Witness at Trial**

Defendants request that the Court enter an order declaring Raymond Haas a hostile and adverse witness, because Arce is suing Mr. Haas for malpractice in state court, and also due to his conduct during this litigation. Geico responds that declaring Mr. Haas a hostile witness prior to trial is premature, and instead, the Court should determine whether Mr. Haas is a hostile witness during trial, based on his demeanor and attitude during questioning. The Court agrees with Geico and defers ruling on this motion until trial. This motion (Doc. No. 315) is therefore **DENIED WITHOUT PREJUDICE**.

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendants' Motion *In Limine* Regarding Argument by Geico as to the Conduct of Joy Beauford or Her Tort Counsel (Doc. No. 303) is **DENIED**;

(2)   Defendants' Motion *In Limine* Regarding Current Non-Existence of an Assignment and Covenant Not to Execute (Doc. No. 305) is **DENIED**;

(3)   Defendants' Motion *In Limine* Regarding Argument by Geico as to the Value or Evaluation of the Claims of Deborah Monteiro and Shawn Edwards (Doc. No. 306) is **DENIED**;

(4)   Defendants' Motion to Realign the Parties and Set Order of Proof (Doc. No. 307) is **GRANTED**;

(5) Defendants' Motion *In Limine* Concerning the Inadmissibility of Communications Between Defendants and Their Attorneys (Doc. No. 309) is **DENIED WITHOUT PREJUDICE**;

(6) Defendants' Motion *In Limine* to Preclude the Parties, their Attorneys and Witnesses at Trial from Informing Jury that Defendant Arce has a Pending Malpractice Action Against Attorney Haas and His Firm in State Court (Doc. No. 311) is **DENIED**;

(7) Defendants' Motion *In Limine* Concerning Geico's Demand that Defendants' Experts or Other Witnesses Identify All Documents Evidencing Geico's Bad Faith Conduct (Doc. No. 312) is **DENIED**;

(8) Defendants' Motion *In Limine* Concerning Bankruptcy and Collectibility of the $450,000 Final Judgment Against Arce (Doc. No. 313) is **DENIED WITHOUT PREJUDICE**;

(9) Defendants' Motion *In Limine* to Prohibit Geico from Calling Any of Its Corporate Representatives to Testify at Trial (Doc. No. 314) is **GRANTED**; and

(10) Defendants' Motion *In Limine* to Declare Attorney Haas a Hostile and Adverse Witness at Trial (Doc. No. 315) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of August, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record