UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff,

v.                                                 Case No. 8:05-cv-697-T-24 EAJ

JOY BEAUFORD and ALICIA EUGENIA ARCE,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Geico's Emergency Motion for Reconsideration of Order Granting Motion to Realign Parties (Doc. No. 361), or in the Alternative, Motion for Continuance. (Doc. No. 367).

Geico initiated this lawsuit by filing a complaint for declaratory relief regarding whether it had a duty to defend Arce and whether it had a duty to indemnify Beauford. In response, Beauford and Arce asserted counterclaims alleging that Geico acted in bad faith.

Beauford and Arce filed a motion to realign the parties. (Doc. No. 307). In granting the motion, the Court stated:

> Geico argues that realignment is not warranted here because Geico has the burden of proof on its declaratory judgment claims, and also because Geico is the one that commenced this lawsuit. The Court is not persuaded by Geico's argument. This case is based on competing views regarding Geico's duties and the appropriateness of Geico's actions. The Court therefore finds that realignment is appropriate, because, based on all of the claims in this case, it makes sense to consider Beauford and Arce as "plaintiffs" and Geico (who is defending its actions and claiming that it does not owe certain duties) as the "defendant."

(Doc. No. 361).

Geico moves the Court to reconsider its ruling, arguing that the Court erred in granting realignment and that realignment at this late stage would cause Geico to suffer prejudice. Specifically, Geico argues that realignment is not appropriate because it has the burden of proof on its declaratory judgment claim and that it is not prepared for trial as the "defendant."

To the extent that Geico reads the Court's prior order as finding that Geico does not have the burden of proof on its declaratory judgment claim, Geico misreads the Court's order. Instead, the Court found that even though Geico initiated this lawsuit and has the burden of proof on its declaratory judgment claim, Beauford and Arce will be seen as the "plaintiffs" in this case by the jury. This determination is based on the Court's perception that Beauford and Arce's claims will predominate this trial and that only their claims will be decided by the jury.[1] As such, the Court found that realignment was appropriate in order to make the presentation of evidence the most effective.

To the extent that Geico argues that it is not prepared for trial as the "defendant," and as such, it is prejudiced by the realignment, the Court is not persuaded. Regardless of whether realignment was ordered, Geico was always the defendant with respect to Beauford and Arce's counterclaims, and as such, the Court is not persuaded that Geico will suffer any prejudice due to the realignment.

Upon review of Geico's motion to reconsider, the Court declines to reconsider its prior order. As such, the motion to reconsider is denied.

Additionally, Geico seeks a thirty to sixty day continuance of the trial in order to

---

[1] The proposed verdict form submitted by Geico contains only one question for the jury: Did Geico act in bad faith in failing to settle the claim of Beauford against Arce. (Doc. No. 355).

eliminate the alleged prejudicial effect of realignment. Since the Court has not found that Geico will suffer any prejudice, the Court finds that a continuance is not warranted.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Geico's Emergency Motion for Reconsideration of Order Granting Motion to Realign Parties (Doc. No. 367) is **DENIED**; and

(2) Geico's Alternative Motion for Continuance (Doc. No. 367) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2007.

*(signed)* Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record