UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff,

v.                                                                  Case No. 8:05-cv-697-T-24EAJ

JOY BEAUFORD and
ALICIA EUGENIA ARCE,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion *In Limine* Regarding Lee D. Gunn IV, Esq. and Alternative Motion to Reopen Discovery to Permit the Deposition of T.R. Unice, Esq. (Doc. No 304). Plaintiff Geico Casualty Company ("Geico") opposes this motion (Doc. No. 334).

Lee D. Gunn, IV is trial counsel of record for Beauford in the instant matter, and was also involved in representing Beauford during the underlying state court action. Defendants Joy Beauford ("Beauford") and Alicia Eugenia Arce ("Arce") (collectively, "Defendants") move the Court to prevent Geico from calling Mr. Gunn as a witness during the trial in this case, and in the alternative, to reopen discovery and permit Defendants to depose T.R. Unice, Esq. Geico responds, in part, that the information sought from Gunn is not available from other sources or that Geico was precluded from seeking discovery from those sources (namely, R. Gene Odom, Esq.).

On August 17, 2007, the Court entered an Order commanding Geico to inform the Court as to what specific information it is seeking that it believes no other source (including Odom)

can provide, and also directing Defendants to respond by identifying alternate sources that can provide the requested information (Doc. No. 351). On August 20, 2007, Geico filed a memorandum in support of calling Mr. Gunn to testify at trial (Doc. No. 359), and on August 21, 2007, Defendants filed their response (Doc. No. 364).

Geico states that there are three areas of inquiry where the information sought is available only through the testimony of Mr. Gunn: (1) pre-suit opportunity to settle; (2) post-suit opportunity to settle; and (3) post-settlement activities. The Court will address each area in turn.

As to the pre-suit opportunity to settle, the Court finds that William F. Merlin is capable of providing the information sought. At his deposition, Mr. Merlin testified that while Mr. Gunn usually handled all personal injury matters within the firm, Mr. Merlin himself handled Beauford's matter during the pre-suit period because he had a pre-existing relationship with the Beauford family. The Court therefore finds that Geico has not given sufficient evidence to persuade the Court that no other source could provide information on Beauford's pre-suit opportunities to settle.

The Court finds the post-suit opportunity to settle area to be the most problematic. There was a time period, following the initiation of the lawsuit by Beauford against Arce, and before Mr. Odom became involved, that Mr. Gunn served as counsel for Beauford. Geico seeks information regarding this time period, specifically regarding the post-suit settlement negotiations leading up to the stipulated judgment, and argues that only Mr. Gunn can provide the information sought. Rule 4-3.7(a)(4) of the Rules Regulating the Florida Bar states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless . . . disqualification of the lawyer would work substantial hardship

on the client." In the instant case, the Court finds that disqualifying Mr. Gunn as trial counsel for Beauford would, at this point, work substantial hardship on Beauford. Additionally, after reviewing Geico's memorandum and Defendants' response, the Court finds that there are other potential sources of this information, such as Raymond Haas, R. Gene Odom, and Joy Beauford.

As to the post-settlement activities, Geico seeks information regarding a December 22, 2005 letter from Mr. Odom to Arce, a December 15, 2005 deposition of Arce taken in aide of execution, and also a motion to compel/motion for sanctions and the subsequent hearing on such motion. Defendants point out, and the Court agrees, that there are other possible sources for the information sought. There are transcripts of both the deposition and the motion hearing. Additionally, there were others present at both that can provide information. As for the letter, the Court finds that Mr. Odom and Arce, as the sender and recipient, are possible sources of information. The Court finds that Geico has not given sufficient evidence to persuade the Court that no other sources of information are available. However, the Court notes that Mr. Gunn's decision to remain as trial counsel for Beauford could affect some of the Court's evidentiary rulings at trial.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion *In Limine* Regarding Lee D. Gunn IV, Esq. (Doc. No. 304) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record