UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff,

v.                                                      Case No. 8:05-cv-697-T-24 EAJ

JOY BEAUFORD and
ALICIA EUGENIA ARCE,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Alicia Eugenia Arce's Rule 50(a) Motion for Judgment as a Matter of Law Against Geico's Declaratory Judgment (Doc. Nos. 389 and 401). Geico Casualty Company has filed a response in opposition (Doc. No. 400).

**I.**    **Background**[1]

On December 29, 2001, a vehicle owned and insured by Alicia Eugenia Arce ("Arce") was involved in an accident in which Joy Beauford ("Beauford"), Shawn Edwards ("Edwards"), and Deborah Monteiro ("Monteiro") were injured (Doc. No. 1, ¶5). At the time of the accident, Arce was insured by Geico Casualty Company ("Geico") (Doc. No. 1, ¶6). Arce's policy had a $10,000 per person/$20,000 per occurrence bodily injury limit (Doc. No. 1, ¶6). Arce's insurance policy stated in relevant part that "[w]e will defend any suit for damages payable under the terms of this policy" (Doc. No. 1, ¶15).

---

[1] Because of the length of the litigation in the instant case, the Court will not give a detailed description of the background, but will instead provide a short summary of the case's history to date.

In April 2002, Geico settled the claim of Monteiro for $9,000.00, and on May 9, 2002, Geico settled the claim of Edwards for $5,000.00 (Doc. No. 1, ¶¶8 and 9). Geico and Beauford were unable to settle Beauford's claim, and on August 1, 2003, Beauford filed suit against Arce in state court (Doc. No. 1, ¶11).

On August 19, 2003, Geico retained Raymond A. Haas ("Haas") to defend Arce in the state court proceeding initiated by Beauford (Doc. No. 252, ¶8). In February 2005, Beauford and Arce agreed to the entry of a judgment against Arce, and a stipulated judgment in the amount of $450,000.00 was entered in favor of Beauford and against Arce in the state court proceeding ("state court judgment") (Doc. No. 1, ¶¶13 and 14 and Exhibit B thereto). After the stipulated consent judgment was entered against Arce, Beauford moved to reopen the state court judgment, which the state court denied without prejudice on November 17, 2005 (Doc. No. 252, ¶11).

On April 12, 2005 Geico filed its complaint in the instant action seeking a declaratory judgment against Beauford and Arce that, among other things, "Geico has no obligation to defend Arce by virtue of exhausting its policy by payment of policy limits" (Doc. No. 1). On July 11, 2005, Beauford filed her answer and counterclaim against Geico, alleging that Geico did not attempt in good faith to settle her claim (Doc. No. 12). On November 20, 2006, Arce filed her answer and counterclaim against Geico, alleging in part that Geico did not attempt in good faith to settle Beauford's claim (Doc. No. 173).

On August 27, 2007, this Court held a jury trial on Beauford and Arce's (jointly, "Defendants") counterclaims that Geico did not attempt in good faith to settle Beauford's claim against Arce. After nine days of trial, the jury found that Geico *did not* act in bad faith in failing to settle Beauford's claim against Arce (Doc. No. 394), and judgment was entered in favor of

Geico and against Arce and Beauford (Doc. No. 398).

At the close of all of the evidence at trial, Arce moved for judgment as a matter of law as to Geico's declaratory judgment action pursuant the Federal Rules of Civil Procedure Rule 50(a) (Doc. No. 389). After a brief oral argument from each party, the Court ordered that both parties submit a written brief to the Court in support of their positions regarding Arce's motion, and on September 20, 2007, those briefs were filed (Doc. Nos. 400 and 401).

## II.     Discussion

The Federal Rules of Civil Procedure Rule 50(a) states that a court may grant a motion for judgment as a matter of law when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." A judgment as a matter of law may be granted when, "without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Pulte Home Corp. v. Asmose Wood Preserving, Inc.*, 60 F.3d 734, 739 (11th Cir. 1995) (quoting 5A James W. Moore et al., *Moore's Federal Practice*, ¶ 50.07[2] (2d ed. 1995)). On a motion for judgment as a matter of law, the district court is required to view the facts in the light most favorable to the non-movant. *See Wideman v. Wal-Mart Stores*, 141 F.3d 1453, 1454 (11th Cir. 1998) (citing *Walls v. Button Gwinnett Bancorp, Inc.*, 1 F.3d 1432, 1433 (11th Cir. 1997).

Arce argues that she is entitled to judgment as a matter of law against Geico's declaratory judgment action, in which Geico seeks to have the Court declare that it has no obligation to defend Arce by virtue of exhausting its policy by payment of policy limits. Arce argues that Geico failed to produce any evidence at trial that it had satisfied its duty to defend at the time of filing the declaratory judgment action, or that Arce's policy provisions allowed Geico to remove

its defense upon payment of policy limits.

Upon thorough consideration, this Court finds that Arce is judicially estopped from bringing the instant motion. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001)(quoting Pegram v. Herdrich, 530 U.S. 211, 227 n. 8 (2000)). Judicial estoppel is an equitable doctrine "invoked by a court at its discretion." Id. at 750 (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). The purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 749-50 (internal citations and quotations omitted).

Most courts have identified at least two limitations on the application of the judicial estoppel doctrine: (1) the position of the party to be estopped must be clearly inconsistent with that party's previous position; and (2) the party to be estopped must have succeeded in convincing the court to accept that previous position. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002); Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001). These limitations or factors "are not inflexible or exhaustive; rather, court must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." Burnes v. Pemco Aeroplex, Inc., 291 F.3d at 1286.

In the instant case, the Court finds that these factors "firmly tip the balance of equities in favor of barring [Arce's] present [motion]." New Hampshire, 532 U.S. at 751. On August 3, 2007, Beauford filed a motion to realign the parties and set order of proof (Doc. No. 307), to

which Arce filed a notice of joinder (Doc. No. 317).  Arce's notice of joinder stated that Arce "adopt[ed] said motions as if fully set forth herein as its own motions."  In the motion, Arce argued that realignment of the parties was appropriate because, in part, "a declaration of no further duty to defend Arce by virtue of its exhaustion of policy limits . . . Geico's request for a declaration in this regard is moot as, following the filing of the declaratory action, Geico continued to afford and to control the defense of Arce in the tort action through Haas."  Arce is now arguing that she is entitled to judgment as a matter of law as to the very same declaratory judgment action she previously argued was moot.

   Considerations of equity persuade this Court that the application of the judicial estoppel doctrine is appropriate in this case.  First, Arce's present position regarding Geico's declaratory judgment action is clearly inconsistent with her prior position.  In the previous motion, Arce made the calculated assertion that Geico's declaratory judgment action was moot.  Having lost on her bad faith counter-claim, Arce now argues that Geico failed to prove its declaratory judgment action, thus entitling her to judgment as a matter of law against Geico, apparently exchanging her previous position for one that she finds more amenable to her current situation.

   Additionally, Arce was successful in the position she previously assumed in the motion to realign the parties, since the Court granted the motion, relying at least in part on her assertion that Geico's declaratory judgment action was moot. (Doc. No. 361.)  As a result of the Court's granting of the motion to realign the parties, Arce was given the advantage of presenting her bad faith counter-claim against Geico first at trial.  Allowing Arce to maintain her current motion would result in an unfair advantage to Arce if not estopped.

5

**III.     Conclusion**

For the reasons stated herein, the Court finds that Arce is judicially estopped from bringing the instant motion. Accordingly, it is ORDERED AND ADJUDGED that Arce's Rule 50(a) Motion for Judgment as a Matter of Law Against Geico's Declaratory Judgment (Doc. Nos. 389 and 401) is DENIED. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of June, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record